# CALCANO-MARTINEZ ET AL. *v.* IMMIGRATION AND NATURALIZATION SERVICE

No. 00–1011.   Argued April 24, 2001—Decided June 25, 2001

STEVENS, J., delivered the opinion of the Court, in which KENNEDY, SOUTER, GINSBURG, and BREYER, JJ., joined.   O'CONNOR, J., filed a dissenting opinion, *post,* p. 352.   SCALIA, J., filed a dissenting opinion, in which REHNQUIST, C. J., and THOMAS, J., joined, *post,* p. 352.

*Lucas Guttentag* argued the cause for petitioners.   With him on the briefs were *Lee Gelernt, Steven R. Shapiro, Jayashri Srikantiah, Kerry W. Bretz, Jules E. Coven, Alan Michael Strauss,* and *Paul A. Engelmayer.*

*Deputy Solicitor General Kneedler* argued the cause for respondent. With him on the brief were *Acting Solicitor General Underwood, Acting Assistant Attorney General Schiffer, Paul R. Q. Wolfson, Donald E. Keener, William J. Howard, Ernesto H. Molina,* and *James A. O'Brien III.**

JUSTICE STEVENS delivered the opinion of the Court.

Deboris Calcano-Martinez, Sergio Madrid, and Fazila Khan are all lawful permanent residents of the United States subject to administratively final orders of removal. They conceded that they are deportable based upon their past criminal convictions, but each filed both a petition for review in the Second Circuit pursuant to 8 U. S. C. § 1252(a)(1) (1994 ed., Supp. V) and a habeas corpus petition in the District Court pursuant to 28 U. S. C. § 2241 in order to challenge the Board of Immigration Appeals' determination that, as a matter of law, petitioners were ineligible to apply for a discretionary waiver of deportation under former § 212(c) of the Immigration and Nationality Act, 66 Stat. 182, 8 U. S. C. § 1182(c) (1994 ed.). Their petitions for review were consolidated in the Court of Appeals, which subsequently dismissed the petitions for lack of jurisdiction, holding that petitioners could nevertheless pursue their constitutional and statutory claims in a district court habeas action brought pursuant to 28 U. S. C. § 2241. 232 F. 3d 328 (CA2 2000). We granted certiorari in this case, 531 U. S. 1108 (2001), and in *INS* v. *St. Cyr,* 531 U. S. 1107 (2001), in order to comprehensively consider whether aliens in the petitioners' position may seek relief in the Court of Appeals (pursuant to 8 U. S. C. § 1252(a)(1)); in the district court (pursuant to 28 U. S. C. § 2241); or not at all. For the reasons stated below and in our opinion in *INS* v. *St. Cyr, ante,* p. 289, we agree with the Court of Appeals that it lacks jurisdiction to hear

---

**Martha W. Barnett, Jeffrey L. Bleich, Gerald Neuman,* and *Kelly M. Klaus* filed a brief for the American Bar Association as *amicus curiae.*

the petitions for direct review at issue in this case and that petitioners must, therefore, proceed with their petitions for habeas corpus if they wish to obtain relief.

As part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), 110 Stat. 3009–546, Congress adopted new provisions governing the judicial review of immigration orders. See 8 U. S. C. § 1252 (1994 ed., Supp. V) (codifying these procedures). Like the prior statute, the new provision vests the courts of appeals with the authority to consider petitions challenging "final orders" commanding the "removal" of aliens from the United States. § 1252(a)(1).[1] However, unlike the previous provisions, the new statute expressly precludes the courts of appeals from exercising "jurisdiction to review any final order of removal against any alien who is removable by reason of" a conviction for certain criminal offenses, including any aggravated felony. § 1252(a)(2)(C).[2]

---

[1] An additional difference between the old and the new statute with regard to petitions for review is one of nomenclature. In keeping with a statute-wide change in terminology, the new provision refers to orders of "removal" rather than orders of "deportation" or "exclusion." Compare 8 U. S. C. § 1252(a)(1) (1994 ed., Supp. V), with § 1105a (1994 ed.).

[2] The scope of this preclusion is not entirely clear. Though the text of the provision is quite broad, it is not without its ambiguities. Throughout this litigation, the Government has conceded that the courts of appeals have the power to hear petitions challenging the factual determinations thought to trigger the jurisdiction-stripping provision (such as whether an individual is an alien and whether he or she has been convicted of an "aggravated felony" within the meaning of the statute). See Brief for Respondent 22–23. In addition, the Government has also conceded that the courts of appeals retain jurisdiction to review "substantial constitutional challenges" raised by aliens who come within the strictures of § 1252(a)(2)(C). See id., at 23–24. As the petitions in this case do not raise any of these types of issues, we need not address this point further. Nonetheless, it remains instructive that the Government acknowledges that background principles of statutory construction and constitutional concerns must be considered in determining the scope of IIRIRA's jurisdiction-stripping provisions.

As petitioners in this case were convicted of "aggravated felonies" within the meaning of the relevant statutes,[3] the plain language of § 1252(a)(2)(C) fairly explicitly strips the courts of appeals of jurisdiction to hear their claims on petitions for direct review. Without much discussion, the Court of Appeals so held. 232 F. 3d, at 342–343.

Before this Court, petitioners primarily argue that constitutional considerations and background principles of statutory interpretation require that they be afforded some forum for the adjudication of the merits of their claims. They devote the bulk of their briefs to arguing that the Court of Appeals—motivated by these concerns—properly interpreted IIRIRA's jurisdiction-stripping provision not to preclude aliens such as petitioners from pursuing habeas relief pursuant to 28 U. S. C. § 2241. Brief for Petitioners 12–42, 44–49. In the alternative, they argue that we might construe the same provisions as stripping jurisdiction from the courts of appeals over only some matters, leaving in place their jurisdiction to directly review petitions raising claims previously cognizable under § 2241. *Id.*, at 42–44.

We agree with petitioners that leaving aliens without a forum for adjudicating claims such as those raised in this case would raise serious constitutional questions. We also agree with petitioners—and the Court of Appeals—that these concerns can best be alleviated by construing the jurisdiction-stripping provisions of that statute not to preclude aliens such as petitioners from pursuing habeas relief pursuant to § 2241. See *St. Cyr, ante,* at 314.

Finding no support in the text or history of § 1252 for concluding that the courts of appeals retain jurisdiction to hear petitions such as those brought in this case, but concluding

---

[3] All three petitioners were convicted of controlled substance offenses for which they served between four months and four years in prison. Each concedes that his or her crime is an "aggravated felony" as defined in 8 U. S. C. § 1101(a)(43), which renders him or her removable pursuant to § 1227(a)(2)(A)(iii).

that Congress has not spoken with sufficient clarity to strip the district courts of jurisdiction to hear habeas petitions raising identical claims, we affirm the judgment of the Court of Appeals in all particulars.

*It is so ordered.*

JUSTICE O'CONNOR, dissenting.

For the reasons stated in my dissenting opinion in the companion case of *INS* v. *St. Cyr, ante,* p. 326, I agree with JUSTICE SCALIA's proposed disposition of the instant case.

JUSTICE SCALIA, with whom THE CHIEF JUSTICE and JUSTICE THOMAS join, dissenting.

For the reasons stated in my dissenting opinion in the companion case of *INS* v. *St. Cyr, ante,* p. 326, I would vacate the judgment of the court below and remand with instructions to dismiss for want of jurisdiction, with prejudice to petitioners Calcano-Martinez's and Madrid's refiling in the District Court.