**Tony A. MAKOKA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 01–4354.

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2002.

Before MERRITT, BOGGS, and MOORE, Circuit Judges.

### ORDER

The petitioner, acting *pro se*, seeks review of a decision of the Board of Immigration Appeals that dismissed his appeal as untimely and an order denying reconsideration of that decision. Several days after filing the petition, the petitioner moved to stay his deportation pending appeal. In a prior order, a temporary stay of deportation was granted, and the Immigration and Naturalization Service (INS) was requested to respond to the motion. The INS now moves to vacate the prior stay and to dismiss the petition for review.

The petitioner is a native of Zimbabwe. He was charged with removability based upon the expiration of his legal status, conviction for a crime of moral turpitude, and conviction for an aggravated felony for which of term of imprisonment of at least one year had been imposed. Following a hearing, the immigration judge found the petitioner was removable. The petitioner appealed to the Board of Immigration Ap-

peals. The Board dismissed his appeal as untimely. He moved for reconsideration, asserting that he had deposited his notice of appeal with prison officials within the time for appeal and that it should therefore be deemed timely. The Board denied reconsideration on the basis of its decision in *Matter of J–J–*, 21 I. & N. Dec.976 (BIA 1997), in which the Board declined to follow the policy arguments of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). From that decision, the petitioner seeks review.

This court is without jurisdiction to review the Board's order:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered ... [by] 1227(a)(2)(A)(iii) [aggravated felony]....

8 U.S.C. § 1252(a)(2)(C). Included within the definition of an aggravated felony are crimes of violence for which a term of imprisonment of at least one year is ordered. 8 U.S.C. § 1101(a)(43)(F). The petitioner was found removable on the basis of his convictions for aggravated felonies; therefore, direct review of the Board's decision is precluded. *Calcano–Martinez v. I.N.S.*, 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001) (§ 1252(a)(2)(C) strips the courts of appeals of jurisdiction to hear claims of aliens deportable as aggravated felons on petitions for direct review); *Pulice v. I.N.S.*, 218 F.3d 505 (6th Cir.2000) (same).

Therefore, the prior order granting a temporary stay hereby is VACATED. The motion to dismiss this petition for review is GRANTED.