**Frederick A. LAKE, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

**Docket No. 99–4125.**

United States Court of Appeals, Second Circuit.

Aug. 1, 2002.

John D.B. Lewis, New York, NY, Jonathan S. Franklin, Lorane F. Hébert, Hogan & Hartson L.L.P., Washington, DC, Claudia Slovinsky, New York, NY, Lucas Guttentag, Immigrants' Rights Project, New York, NY, Sara L. Mandelbaum, American Civil Liberties Union Foundation, New York, NY, for Petitioner.

Diogenes P. Kekatos, Assistant United States Attorney, Mary Jo White, United States Attorney for the Southern District of New York, Gideon A. Schor, Assistant United States Attorney, New York, NY, for Respondent.

Anthony M. Radice, Deborah H. Isser, Mark David McPherson, Morrison & Foerster LLP, New York, NY, Jonathan Band, Morrison & Foerster LLP, Washington, DC, Martha F. Davis, NOW Legal Defense and Education Fund, New York, NY, for Amicus Curiae Now Legal Defense and Education Fund, for Amicus Curiae.

Present JOHN M. WALKER, JR., Chief Judge, JAMES L. OAKES, DAMON J. KEITH,* Circuit Judges.

### SUMMARY ORDER

On remand from the Supreme Court of the United States, following a petition for review of an order of the Board of Immigration Appeals, reversal of the Board's order by opinion, 226 F.3d 141, and a petition for certiorari to the Supreme Court of the United States.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review of the order of the Board of Immigration Appeals be and it hereby is DENIED in part and DISMISSED in part.

Petitioner Frederick A. Lake petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of the immigration judge that denied Lake's request for termination of removal proceedings and ordered his removal. On appeal, we reversed the BIA's order. *See Lake v. Reno,* 226 F.3d 141, 150 (2d Cir.2000). Following the reasoning of a majority of justices in *Miller v. Albright,* 523 U.S. 420, 118 S.Ct. 1428, 140 L.Ed.2d 575 (1998), we held that Section 309(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1409(a) (1952), violated the Equal Protection Clause in its differential treatment of citizen mothers and citizen fathers with respect to their foreign-born children born out of wedlock. *Id.* at 147–48. The Supreme Court granted certiorari and vacated our decision, remanding for reconsideration in light of

---

* The Honorable Damon J. Keith of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

*Nguyen v. INS,* 533 U.S. 53, 121 S.Ct. 2053, 150 L.Ed.2d 115 (2001), which held that Section 309(a) does not violate the Equal Protection Clause. *See Ashcroft v. Lake,* 533 U.S. 913, 121 S.Ct. 2518, 150 L.Ed.2d 691 (2001).

Because the Supreme Court's decision in *Nguyen* has foreclosed Lake's challenge to Section 309(a), *see Nguyen,* 533 U.S. at 58–59, the only unresolved claim remaining on this remand is Lake's claim that Section 212(h) of the INA, 8 U.S.C. § 1182(h), violates the Equal Protection Clause because it precludes legal permanent residents ("LPRs") convicted of certain crimes from obtaining discretionary waivers of removal, while aliens who have not been granted LPR status but have been convicted of the same crimes remain eligible for discretionary waivers.

We find that we lack jurisdiction to adjudicate this claim. There is some uncertainty as to whether, notwithstanding the fact that Section 242 of the INA, 8 U.S.C. § 1252(a)(2)(C), precludes judicial review of a final order of removal entered against an alien who has been convicted of, *inter alia,* an aggravated felony, we would have jurisdiction on direct review of such a case to decide substantial constitutional claims. *See Calcano–Martinez v. INS,* 533 U.S. 348, 350 n. 2, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001) (declining to decide whether there might be jurisdiction on direct review to review "substantial constitutional challenges"); *Mugalli v. Ashcroft,* 258 F.3d 52, 61 n. 11 (2d. Cir.2001) (recognizing open question left by *Calcano–Martinez* with respect to jurisdiction over constitutional claims); *cf. Jean–Baptiste v. Reno,* 144 F.3d 212, 218 (2d Cir.1998) (holding that elimination of jurisdiction for direct review of constitutional claims "passes constitutional muster" because such claims can be reviewed on habeas). We need not resolve this issue, however, because Lake's challenge to Section 212(h), which has been foreclosed by *Jankowski–Burczyk v. INS,* 291 F.3d 172, 181 (2d Cir.2002), does not present a substantial constitutional claim.

For the reasons set forth above, the petition for review is hereby DENIED in part and DISMISSED in part.