**Carlos T. MIRANDA, aka Carlos Thomas Pena, aka Ruben Carlos Martinez, Petitioner,**

**v.**

John ASHCROFT *, Attorney General
of the United States, Respondent.

No. 01–71174.
INS No. A72–903–305.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2002.**

Decided Aug. 26, 2002.

—————

Before T.G. NELSON, PAEZ and
TALLMAN, Circuit Judges.

MEMORANDUM ***

Petitioner Carlos Miranda, a citizen of El Salvador, petitions for review of a final administrative order of removal issued by the Immigration and Naturalization Service ("INS") pursuant to Immigration and Nationality Act ("INA") § 238(b), 8 U.S.C. § 1228(b). Miranda was found removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), based on his conviction for the aggravated felony of possession for sale of a controlled substance.

Under INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), this Court lacks jurisdiction to review any final order of removal against an alien who is removable by reason of having committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). *See Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir.2000). However, we do have "jurisdiction to determine our own jurisdiction," and thus may consider the petition to the extent that it challenges whether the conviction that served as the basis of the final removal order was an aggravated felony. *See id.*

Miranda's conviction on August 21, 1991, for possession for sale of a controlled substance, constitutes an aggravated felony as defined in 8 U.S.C. § 1101(a)(43). Although Miranda contends that the Final Removal Order did not provide him with notice of the conviction on which his removal was based, and that his removal was actually based on his misdemeanor conviction for driving under the influence, these arguments are without merit.

The INS Officer found Miranda removable based on his "final conviction of an aggravated felony as defined in section 101(a)(43) of the Act, 8 U.S.C.

* John Ashcroft, as the Attorney General of the United States, rather than the Immigration and Naturalization Service, is the proper respondent in a petition for review of an order of removal. See 8 U.S.C. § 1252(b)(3)(A). The caption is ordered changed to reflect the proper party.

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1101(a)(43)," which defines an aggravated felony as including "illicit trafficking in a controlled substance." Miranda's August 1991 conviction falls within this definition. Further, Miranda did not contest the allegations which subjected him to removal under 8 U.S.C. § 1228(b).

Because a final order of removal was entered against Miranda based on his conviction for an aggravated felony, we lack jurisdiction to review his petition under INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C).[1]

**PETITION DISMISSED.**

---

1. We lack jurisdiction on direct appeal over both Miranda's statutory and constitutional challenges to his removal. *See Calcano–Martinez v. INS*, 533 U.S. 348, 351–52, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001); *Randhawa v. INS*, 298 F.3d 1148, 1152 (9th Cir.2002). However, Miranda is not precluded from raising those challenges through a collateral proceeding. *See id.; Flores–Miramontes v. INS*, 212 F.3d 1133, 1135–36 (9th Cir.2000).

