UNITED STATES of America,
Plaintiff,

v.

Alejandro PONCE–COVARRUBIAS,
Defendant.

No. 01–20323 D.

United States District Court,
W.D. Tennessee,
Western Division.

Oct. 11, 2002.

J. Patten Brown, III, Fed. public Defender's Office, Memphis, TN, for defendant.

J. Daniel Breen, Memphis, TN, pro se.

Linda N. Harris, U.S. Attorney's Office, Memphis, TN, for U.S.

ORDER DENYING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

DONALD, District Judge.

Before the court are Defendant's objections to the Magistrate Judge's order denying Defendant's motion to compel discovery. In his motion to compel, Defendant sought three items: 1) the names of witnesses who were traveling with the Defendant when he was detained at a traffic stop, the constitutionality of which he seeks to challenge; 2) complete copies of the Defendant's immigration, or "Alpha," files; and 3) any and

all recordings of the Defendant's prior deportation proceedings. In an order dated May 16, 2002, Magistrate Judge Breen denied Defendant's motion ("Magistrate Order").

Defendant argues that the Magistrate Judge erred by denying Defendant's request for the names of lay witnesses who were traveling with the Defendant when the Defendant was stopped. Defendant contends that these names are critical to bolster the Defendant's claim that the traffic stop of his car was unconstitutional. Access to the Government's witness list was fully addressed and was denied in open court on the record. As a result, Defendant's motion to compel discovery of the witness list is summarily denied, and this Order will only address the Defendant's deportation-related discovery requests.

Defendant argues that the Magistrate Judge erred by denying Defendant's requests for the Alpha files and the recorded deportation proceedings. Defendant states that an individual charged with illegal reentry into the United States following deportation for an aggravated felony conviction, in violation of 8 U.S.C. § 1326(b), "has a right to collaterally attack a prior deportation proceeding." Objections to Magistrate's Report and Recommendations, May 28, 2002, at 3 (citing *United States v. Mendoza–Lopez*, 481 U.S. 828, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987)) ("Defendant Objections").

The Magistrate Judge deferred decision regarding discovery of the Alpha files and deportation proceedings until this Court determined whether a collateral attack of the underlying deportation proceeding was permissible. *See* Magistrate Order, at 4. In their briefs, both parties have spent considerable energy arguing over the appropriateness of a collateral attack on a prior deportation proceeding for an individual charged with violating § 1326(b). For the reasons stated herein, while this Court finds that such a collateral attack is permissible, Defendant's objections are nevertheless denied without prejudice.

In *Mendoza–Lopez*, the Supreme Court held that "a defendant may collaterally attack an order of deportation on due process grounds where, as [in § 1326], the order becomes an element of a criminal offense." *United States v. Gonzalez–Roque*, 301 F.3d 39, 45 (2d Cir.2002) (citing *Mendoza–Lopez*, 481 U.S. at 838–39, 107 S.Ct. 2148). This ability to collaterally attack prior deportations in § 1326 cases was subsequently codified and circumscribed in a new 8 U.S.C. § 1326(d), as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (12996) (AEDPA). Specifically, § 1326(d) states:

> [A]n alien may not challenge the validity of [a] deportation order ... unless the alien demonstrates that (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.

These three requirements "are conjunctive," so an alien "must establish all three in order to succeed in his challenge to his removal order." *United States v. Fernandez–Antonia*, 278 F.3d 150, 157 (2d Cir. 2002). *See also Gonzalez–Roque*, 301 F.3d at 45 (to mount a successful collateral attack, a defendant "must satisfy each of the three requirements of ... § 1326(d).").

■ In pages 5 and 6 of its Response to Defendant's Motion to Compel Discovery and Reply Brief, dated May 3, 2002 ("Government Response"), the Government argued that the Defendant is not entitled to

collaterally attack his prior deportation because he has not satisfied either the exhaustion of administrative remedies or deprivation of judicial review prongs of § 1326(d).[1] Neither argument, however, merits dismissal of the Defendant's discovery request. First, the Defendant seeks discovery of his Alpha file and the deportation proceedings recordings precisely because he is attempting to challenge, *inter alia,* the mass waiver of his right to appeal the deportation hearing. *See* Defendant Objections, at 4–5. Should the materials the Defendant requests prove that his right to appeal the deportation decision to the Board of Immigration Appeals was waived in a constitutionally defective manner, or that the immigration judge failed to alert the Defendant to potentially applicable forms of discretionary relief,[2] the Defendant will have demonstrated sufficient exhaustion of administrative remedies. *See, e.g., Mendoza–Lopez,* 481 U.S. at 840, 107 S.Ct. 2148 (waiver of right to appeal is inadequate if not the result of a "considered and intelligent" judgment); *United States v. Muro–Inclan,* 249 F.3d 1180, 1183 (9th Cir.2001) ("The exhaustion requirement of 8 U.S.C. § 1326(d) cannot bar collateral review of a deportation proceeding when the waiver of right to an administrative appeal did not comport with due process"); *Sewak v. INS,* 900 F.2d 667, 671 (3d Cir.1990) (holding that the plaintiff had exhausted his administrative remedies because "to hold otherwise would deprive [him] of a remedy he did not pursue because the due process violation he asserts left him unaware of the circumstances that made it available.").

■ Second, contrary to the Government's position, Defendant's prior aggravated felony conviction does not preclude the Defendant from obtaining judicial review of his prior deportation proceedings. The Government contends that, because the AEDPA[3] forecloses direct judicial review of deportation orders for individuals convicted of aggravated felonies, "the law provides that aggravated felons are not entitled to judicial review[. Therefore] they cannot be improperly deprived of it." Government Response, at 6. This argument, while novel, completely misses the central point in *Mendoza–Lopez:* collateral attacks are available *specifically when* there is a lack of access to judicial review of deportation proceedings that violate the Due Process Clause. *See Mendoza–Lopez,* 481 U.S. at 840–41, 107 S.Ct. 2148. Indeed, in response to the dissent, which

---

1. The Government has not challenged the discovery request on the grounds that the prior deportation proceeding could not have been fundamentally unfair, so this Court will not address this third § 1326(d) factor.

2. 8 C.F.R. § 240.11(a)(2) requires an Immigration Judge presiding over a deportation proceeding to "inform the [alien] of his or her apparent eligibility to apply for any of the benefits enumerated in this paragraph and shall afford the [alien] an opportunity to make application therefore." Moreover, so long as he was not a permanent legal resident prior to his aggravated felony conviction, Defendant's status as a prior aggravated felon did not necessarily make him ineligible for discretionary relief. *See United States v. Fernandez–Antonia,* 278 F.3d 150, 160 (2d Cir.2002);

*Muro–Inclan,* 249 F.3d at 1184 ("AEDPA Section 440(d) did not divest the Attorney General of discretion to grant relief from deportation under 8 U.S.C. § 1182(h).").

3. The Government is technically incorrect in asserting that the AEDPA eliminates direct judicial review of deportations of individuals convicted of aggravated felonies. In point of fact, it is the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104 208, 110 Stat. 3009 (Sept. 30, 1996), which expressly precludes the federal courts of appeals from reviewing "any final order of removal against any alien who is removable by reason of" a conviction for an aggravated felony. See 8 U.S.C. § 1252(a)(2)(C) (codifying the IIRIRA).

argued that *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), controlled the outcome of the case, the *Mendoza–Lopez* majority stated, "[i]t is precisely the unavailability of effective judicial review of the administrative determination at issue here that sets this case apart from *Lewis*." *Mendoza–Lopez*, 481 U.S. at 841, 107 S.Ct. 2148. While Congress is entitled to remove jurisdiction of the federal courts to review directly decisions by the immigration courts, it would violate the Due Process Clause for Congress to remove all direct *and* collateral judicial review of a deportation decision. The Supreme Court expressly endorsed this principle when it recently held that the jurisdiction-stripping provisions of the IIRIRA did not preclude aliens convicted of aggravated felonies from collaterally attacking their prior deportations via the habeas corpus statute, 28 U.S.C. § 2241. *See Calcano–Martinez v. INS*, 533 U.S. 348, 351, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001). *See also United States v. Gonzalez–Roque*, 301 F.3d 39, 49–50 (2d Cir. 2002) ("Notwithstanding IIRIRA's preclusion of direct appeals, however, habeas review of BIA decisions remains available under 28 U.S.C. § 2241.") (citations omitted).

In this case, habeas relief was unavailable to the Defendant because he was no longer incarcerated at the time the Immigration Judge issued the deportation order. A collateral attack on his § 1326(b) claim, therefore, may provide the Defendant with his sole means of obtaining judicial review of his prior deportation proceeding. Thus, despite the Defendant's prior aggravated felony conviction, this collateral attack may be successful should the evidence Defendant is attempting to discover demonstrate a prejudicial due process violation infecting his prior deportation proceeding.

Despite this conclusion, however, Defendant appears to ask this Court to allow him to pursue his discovery of the deportation materials pursuant to a subpoena. *See* Defendant Objections, at 5. Therefore, this Court denies without prejudice Defendant's motion to compel discovery so that he may seek to obtain a subpoena.

Accordingly, Defendant's objections to the Magistrate Judge's order as to the deportation-related discovery requests are **denied without prejudice.** Defendant's objections to the Magistrate Judge's order as to the witness list discovery are **denied with prejudice.** To the extent that the order is inconsistent with the Court's oral ruling, the written order controls.