Martin GJIDODA, Petitioner,

v.

John ASHCROFT, Attorney General; Carol Jenifer, District Director, United States Immigration and Naturalization Service, Detroit District, Respondents.

No. 02–3556.

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

The petitioner seeks review of a decision of the Board of Immigration Appeals (BIA) that affirms a decision finding him deportable and ineligible for a waiver of inadmissibility. After he had filed a proof brief with the clerk of this court, the respondents moved to dismiss the petition for review. They argue that review is barred pursuant to 8 U.S.C. § 1252 because the petitioner is inadmissible due to his conviction for a crime of moral turpitude. The petitioner responds in opposition.

The petitioner entered the United States in 1985 from Yugoslavia on a visitor's visa. At the time of his entry, he had completed a prison sentence for the shooting death of his wife. He was married after entry and has two children who are citizens of the United States. An initial application for an adjustment of status was not fully processed, the file apparently becoming lost. In 1995, the petitioner again sought an adjustment of status. In response, the Immigration and Naturalization Service (INS) issued the petitioner an order to show cause why he should not be deported. The show cause order relied on §§ 241(a)(1)(A) and (B) of the Immigration and Nationality Act (INA), 8 U.S.C.

§ § 1251(a)(1)(A) and (B),[1] which provides for deportation of aliens excludable at the time of entry and of aliens who entered without inspection. In turn, § 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), provides that an "alien convicted of, or who admits committing ... acts which constitute the essential elements of ... a crime involving moral turpitude" is inadmissible.

At a hearing before an immigration judge, evidence was introduced in support of the petitioner's conviction. The judge concluded that a conviction for a crime of moral turpitude had been established. He held that the petitioner was inadmissible, and therefore deportable, and denied the application for a adjustment of status. The BIA affirmed.

This petition for review is governed by the transitional rules included within the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. 104–208, Div. C, Title III. The removal proceedings were commenced prior to April 1, 1997, and the final order of removal (the BIA decision) was entered after October 30, 1996. *See* §§ 309(c)(1) and (4), IIRIRA. The transitional rules provide that "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2) [8 U.S.C. § 1182(a)(2) ]... of the Immigration and Nationality Act ...." § 309(c)(4)(G). IIRIRA. Section 212(a)(2), as noted above, includes conviction for a crime of moral turpitude. This court has upheld the jurisdiction-stripping provision of § 309(c)(4)(G) and applied the bar to cases falling within its parameters. *Pulice v. Immigration and Naturalization Service,* 218 F.3d 505 (6th Cir.2000). The INS moves to dismiss pursuant to

§ 309(c)(4)(G) and argues that the petitioner's conviction precludes this appeal.

As a general principle, "it is familiar law that a federal court always has jurisdiction to examine its own jurisdiction." *United States v. Ruiz,* —— U.S. ——, ——, 122 S.Ct. 2450, 2454, 153 L.Ed.2d 586 (2002). A number of circuits have agreed that in the immigration context, the court of appeals can determine whether the crimes asserted to be the jurisdictional bar are within the meaning of the statute. *Yousefi v. Immigration and Naturalization Service,* 260 F.3d 318 (4th Cir.2001); *Okoro v. Immigration and Naturalization Service,* 125 F.3d 920 (5th Cir.1997) (can examine if crimes are of moral turpitude); *Yang v. Immigration and Naturalization Service,* 109 F.3d 1185, 1192 (7th Cir.1997). The Supreme Court has not specifically addressed the issue. *Calcano–Martinez v. Immigration and Naturalization Service,* 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001).

In response to the motion to dismiss, the petitioner states his appeal challenges the whether a conviction for a crime of moral turpitude was established. This being a jurisdictional fact, he suggests, this appeal should proceed. However, upon review of the petitioner's proof brief filed with the court, we conclude that the appeal must be dismissed.

The petitioner argues the INS failed to establish his conviction because no court record was introduced. However, in a proceeding before an immigration judge, a criminal conviction may be established by evidence other than the actual record of conviction. *See* 8 C.F.R. § 3.41. For instance, "an abstract of a record of conviction prepared ... by a state official associated with the state's repository of criminal justice records, that indicates the following: The charge or section of law violated,

---

1. Renumbered and transferred to 8 U.S.C. § 1227 by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. 104–208, Div. C, Title III, § 305(a)(2).

the disposition of the case, the existence and date of conviction, and the sentence" will establish the conviction. 8 C.F.R. § 3.41(a)(5). Further, "[a]ny other evidence that reasonably indicates the existence of a criminal conviction may be admissible as evidence thereof." 8 C.F.R. § 3.41(d). The immigration judge reviewed numerous communications between officials for both the United States and Yugoslavian governments and found them to be sufficient evidence of conviction. The BIA affirmed. We can find no basis for finding these conclusions in error.

Further, the immigration judge examined the provisions of the penal code under which the petitioner was convicted and concluded that offenses under that section are crimes of moral turpitude. The petitioner presents no convincing argument to the contrary.

Therefore, the motion to dismiss this petition for review hereby is GRANTED.