**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-2396**

---

RIFAQAT ALI,

Petitioner,

versus

JOHN ASHCROFT,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A72-379-111)

---

Submitted: January 16, 2004          Decided: February 12, 2004

---

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

James W. DiStefano, James T. Reynolds, PAUL SHEARMAN ALLEN &
ASSOC., Washington, D.C., for Petitioner. Peter D. Keisler,
Assistant Attorney General, Emily Anne Radford, Assistant Director,
James A. Hunolt, OFFICE OF IMMIGRATION LITIGATION, Washington,
D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Rifaqat Ali, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming without opinion the immigration judge's denial of his application for adjustment of status.

Ali first contends that the immigration judge erred in finding that he lacked credibility and that the denial of relief was an abuse of discretion. Our review of the immigration judge's decision reveals that he denied Ali's application for adjustment of status on two independent grounds: (1) Ali's failure to establish statutory eligibility for relief; and (2) as a matter of discretion. Under 8 U.S.C. § 1252(a)(2)(B)(i) (2000), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1255," which is the section governing adjustment of status. Thus, we find that we lack jurisdiction to review the immigration judge's discretionary denial of Ali's application for adjustment of status. Because the immigration judge's discretionary denial was an independent basis for his decision, we need not address the judge's separate finding that Ali failed to establish statutory eligibility for relief.

Ali also contends that he was denied his right to due process of law when the immigration judge refused to allow him to present the testimony of two witnesses. Assuming, without

- 2 -

deciding, that this court retains jurisdiction to consider substantial constitutional challenges, <u>cf.</u> <u>Calcano-Martinez v. INS</u>, 533 U.S. 348, 350 n.2 (2001), we find that Ali does not present such a substantial issue as he fails to establish prejudice stemming from the immigration judge's refusal to allow him to present additional witnesses. In order to succeed on a procedural due process claim, an alien must make a showing of prejudice. <u>See</u> <u>Rusu v. INS</u>, 296 F.3d 316, 324 (4th Cir. 2002); <u>Farrokhi v. INS</u>, 900 F.2d 697, 703 n.7 (4th Cir. 1990).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>