**Roberto BRITO–BATISTA, Petitioner–Appellant,**

v.

**John ASHCROFT, United States Attorney General, Respondent–Appellee.**

**Docket No. 02–2300.**

United States Court of Appeals, Second Circuit.

April 20, 2004.

---

Roberto Brito–Batista, Providence, RI, for Petitioner, pro se.

Hugh G. Mullane, Senior Litigation Counsel, United States Department of Justice (Robert D. McCallum, Jr., Assistant Attorney General, on the brief; David J. Kline, Principal Deputy Director, of counsel), Washington, D.C., for Respondent.

PRESENT: NEWMAN, KEARSE, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Roberto Brito–Batista, *pro se,* appeals from the April 22, 2002 judgment of the United States District Court for the Western District of New York (Arcara, J.) dismissing his 28 U.S.C. § 2241 petition on the grounds that he was subject to removal and ineligible for cancellation of removal. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues, and affirm.

Although under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, § 309(a); 110 Stat. 3009–625, circuit courts may not exercise "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed an aggravated felony," *see* 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review claims raised in habeas petitions seeking review of orders of removal, *Calcano–Martinez v. INS,* 533 U.S. 348, 351, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001). Reviewing Brito–Batista's § 2241 petition *de novo, see Rankine v. Reno,* 319 F.3d 93, 98 (2d Cir.2003), we agree that he was subject to removal as an aggravated felon and ineligible for cancellation of removal.

Section 240(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a), provides that the Attorney General may cancel removal for an alien who is inadmissible or deportable if the alien has (1) been lawfully admitted for permanent residence for not less than five years; (2) has resided in the United States continuously for seven years after having been admitted in any status; and (3) has not been convicted of any aggravated felony. On appeal, Brito–Batista contends that his 1997 conviction, following a plea of *nolo contendere,* for possession of cocaine was not an aggravated felony, and that he

was eligible for cancellation of removal pursuant to § 240(a). We disagree.

In August 1997, Brito–Batista was convicted in a Rhode Island state court, following a *nolo contendere* plea, of criminal possession of cocaine with intent to manufacture or deliver. *See* R.I. Gen. Laws § 21–28–4.01(A)(2)(a). Under the INA, "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The term "aggravated felony" is defined by § 1101(a)(43)(B) to include "a drug trafficking crime (as defined in section 924(c) of Title 18)." Title 18, § 924(c)(2), in turn, defines a drug trafficking crime as any felony punishable under the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq.* Because the criminal possession of cocaine with the intent to distribute is a punishable felony under the CSA, and Brito–Batista was convicted under Rhode Island's criminal statute of possession of cocaine with intent to manufacture or deliver, the offense constituted an aggravated felony for purposes of the INA. *See* 21 U.S.C. § 841(a)(1); 8 U.S.C. § 1101(a)(43); *see also Sol v. INS*, 274 F.3d 648, 651 (2d Cir.2001) ("[C]ocaine possession is a controlled substance offense within the scope of the [INA]."). Accordingly, Brito–Batista's conviction rendered him subject to removal and ineligible for cancellation of removal pursuant to § 240(a). *See* 8 U.S.C. § 1229b(a)(3) (reserving cancellation of removal to resident aliens "who ha[ve] not been convicted of any aggravated felony"); *St. Cyr v. INS*, 229 F.3d 406, 412 (2d Cir.2000), *aff'd*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) ("[Petitioner] was ineligible to apply for 'cancellation from removal' by its terms because he was convicted of an aggravated felony.").

■ To the extent that Brito–Batista argues that he is eligible for cancellation of removal under former § 212(c) of the INA, 8 U.S.C. § 1182(c), because this provision was in effect at the time of his underlying plea and conviction, such a contention is unavailing. Brito–Batista is statutorily ineligible for § 212(c) relief because his 1997 conviction, following a plea of *nolo contedere*, was entered after the April 1, 1997 effective date of IIRIRA. *See Mohammed v. Reno*, 309 F.3d 95, 102–03 (2d Cir.2002) (concluding that § 212(c) relief was not available to petitioner who entered a guilty plea after the applicable statute's effective date). Thus, Brito–Batista's conviction for an aggravated felony forecloses all statutory avenues for removal relief, and the district court properly dismissed his § 2241 petition.

For the foregoing reasons, the decision of the district court is AFFIRMED.