

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2004

# Fofana v. Secretary Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4092

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Fofana v. Secretary Homeland" (2004). *2004 Decisions.* Paper 140.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/140

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4092
_____

LADJI FOFANA,

Petitioner

v.

TOM RIDGE, SECRETARY DEPARTMENT
OF HOMELAND SECURITY,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A76-579-335)
_____

Submitted Under Third Circuit LAR 34.1(a)
October 29, 2004

Before: SCIRICA, *Chief Judge*, FISHER and GREENBERG, *Circuit Judges*.

(Filed  November 8, 2004    )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Petitioner Ladji Fofana petitions for review of an final order of removal issued by

the Bureau of Immigration and Customs Enforcement ("BICE").  The BICE found that

Fofana, by virtue of a Pennsylvania state conviction for trademark counterfeiting, was an aggravated felon pursuant to INA § 101(a)(43)(R), 8 U.S.C. § 1101(a)(43)(R). The government has moved for dismissal and argues that subject to substantial constitutional claims not present here, our jurisdiction does not extend beyond determining the predicate jurisdictional facts showing that Fofana is an alien who is removable by reason of committing an aggravated felony as defined in the statute.

We have without doubt jurisdiction to determine whether Fofana is an alien removable for committing an aggravated felony. See Drakes v. Zimski, 240 F.3d 246, 247 (3d Cir. 2001). The term "aggravated felony" means "an offense *relating to* commercial bribery, *counterfeiting*, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of imprisonment is at least one year." INA § 101(a)(43)(R), 8 U.S.C. § 1101(a)(43)(R) (emphasis added).[1] Subject to exceptions inapplicable here, in determining whether Fofana's conviction is an offense "relating to" counterfeiting, we employ a formal categorical approach that looks to the offense of conviction. See Singh v. Ashcroft, 383 F.3d 144, 148 (3d Cir. 2004).

Fofana was convicted of trademark counterfeiting under Pennsylvania law, which states "[a]ny person who knowingly manufactures, uses, displays, advertises, distributes,

---

[1]Fofana does not dispute that he is an alien. Nor does he suggest that his sentence of 11½ to 23 months does not satisfy the one-year imprisonment requirement of INA § 101(a)(43)(R). See United States v. Galicia-Delgado, 130 F.3d 518, 520-21 (2d Cir. 1997) (indeterminate sentence is sentence for maximum term that imprisonment might be imposed).

offers for sale, sells or possesses with intent to sell or distribute any items or services bearing or identified by a counterfeit mark shall be guilty of the crime of trademark counterfeiting." 18 Pa. C.S.A. § 4119(a). A "counterfeit mark" is either "[a]ny unauthorized reproduction or copy of intellectual property" or "[i]ntellectual property affixed to any item knowingly sold, offered for sale, manufactured or distributed or identifying services offered or rendered, without the authority of the owner of the intellectual property." Id. § 4119(i). "Intellectual property" means "[a]ny trademark, service mark, trade name, label, term, device, design or word adopted or used by a person to identify that person's goods or services." Id.

Pennsylvania criminal trademark counterfeiting categorically relates to counterfeiting by the statute's plain language.[2] By definition, it requires an unauthorized reproduction, copy, or affixation of any of the types of intellectual property defined in the statute along with a requisite act, knowledge, and intent. See also Black's Law Dictionary (8th ed. 2004) ("Counterfeiting includes producing or selling an item that displays a reproduction of a genuine trademark, usu. to deceive buyers into thinking they are purchasing genuine merchandise."). Fofana's narrow construction of INA § 101(a)(43)(R) would read the critical phrase "relating to" out of the federal statute. In Drakes, we construed the scope of "forgery" in the same subsection at issue here, and

---

[2]Fofana was also convicted for copying recording devices under 18 Pa. C.S.A. § 4116, but before this Court, the government relies solely on the conviction for trademark counterfeiting.

3

held that "[u]nless the words 'relating to' have no effect, the enumerated crime—here, forgery—must not be strictly confined to its narrowest meaning." 240 F.3d at 249; see also Patel v. Ashcroft, 294 F.3d 465, 470 (3d Cir. 2002) (harboring alien is crime "relating to" alien smuggling under INA § 101(a)(43)(N)).

We conclude that Fofana's conviction for trademark counterfeiting is a crime "relating to" counterfeiting and is therefore an aggravated felony for purposes of INA § 101(a)(43)(R). The government's motion to dismiss will be GRANTED and the petition for review will be DISMISSED for lack of jurisdiction.[3]

_____

_____

[3]Fofana makes references to due process in an attempt to assert a "substantial constitutional challenge" to his order of removal. See Calcano-Martinez v. INS, 533 U.S. 348, 350 n.2 (2001) (noting government's concession that despite jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(C), courts of appeals retain jurisdiction to review "substantial constitutional challenges"). However, Fofana does not assert any constitutional deprivation, let alone a substantial one. To the extent he reiterates his statutory argument and complains that removal will prevent him from marrying his American fiancee and becoming a citizen, we see no constitutional violation, let alone a substantial one. Moreover, as the formal categorical approach is a legal analysis and he has the right to petition to this court for review of the aggravated felony determination, we do not see a violation of procedural due process, and Fofana makes no argument beyond conclusory statements that he is entitled otherwise.