UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 2, 2005
Decided December 22, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3420

| | |
|---|---|
| REGINALDO ROSAS-ORTEGA, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals |
| *v.* | No. A91-339-205 |
| ALBERTO R. GONZALES,[*] *Respondent*. | |

# O R D E R

An immigration judge ("IJ") ordered Reginaldo Rosas-Ortega removed from the United States under 8 U.S.C. § 1227(a)(2)(A)(iii) for committing an aggravated felony (aggravated criminal sexual abuse). The IJ further denied Rosas-Ortega's application for discretionary relief from removal under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). The Board of Immigration Appeals ("BIA") summarily affirmed. We deny Rosas-Ortega's petition for review.

---

[*] Pursuant to Fed. R. App. P. 43(c), Alberto R. Gonzales is substituted for his predecessor, John D. Ashcroft, as United States Attorney General.

## I.  BACKGROUND

Rosas-Ortega entered the United States illegally in 1976, and adjusted his status to lawful permanent resident in 1990.  In September 1993, he pleaded guilty to aggravated criminal sexual abuse in violation of 720 Ill. Comp. Stat. 5/12-16(b) after sexually molesting his 11-year-old stepdaughter in March 1993.  This law criminalizes "sexual conduct with a victim who was under 18 years of age when the act was committed and the accused was a family member."  720 Ill. Comp. Stat. 5/12-16(b).  Rosas-Ortega was sentenced to 30 months' "periodic imprisonment,"[1] four years' probation, and attendance at a sex offender treatment program.  In 1995, an Illinois judge revoked Rosas-Ortega's probation after he failed to participate in the sex offender treatment program and re-sentenced him to an additional 30 months' probation, during which he completed a second treatment program called Adelante.

In January 2000, the INS determined that Rosas-Ortega was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because of his conviction, and ordered him to appear before an IJ in Chicago to show cause why he should not be removed.  In February 2001, the IJ found Rosas-Ortega removable and ineligible for discretionary waiver of conviction under former section 212(c) because of that provision's repeal in 1996.  Rosas-Ortega appealed to the BIA.  While the appeal was pending, the U.S. Supreme Court decided *INS v. St. Cyr*, 533 U.S. 289 (2001), holding that aliens, such as Rosas-Ortega, were not retroactively barred from seeking section 212(c) relief if they pleaded guilty to crimes before section 212(c)'s repeal.  The BIA accordingly remanded the case to allow Rosas-Ortega to apply for section 212(c) relief.

At the hearing on the merits of Rosas-Ortega's section 212(c) application, he presented testimony from his wife, daughter, and son.  Rosas-Ortega also testified, and confirmed that he was convicted in 1993 for aggravated criminal sexual abuse.  He went on to point out that he completed the Adelante sexual offender treatment program and that the program helped him greatly.  Rosas-Ortega also admitted

---

[1] Under Illinois law, "periodic imprisonment" is a sentencing alternative to a "traditional" term of imprisonment.  *See* 730 Ill. Comp. Stat. 5/5-5-3(b)(2).  In adopting this alternative, the trial court ordered Rosas-Ortega to be confined in the Whiteside County Jail in Illinois for a total of 52 "weekends" during the 30-month sentence it imposed.  Each "weekend" consisted of 48-hour periods of custody, which were not limited to calendar weekends and were scheduled by the Whiteside County Sheriff.  The trial court also ordered Rosas-Ortega to abide by certain probation conditions when he was not confined.  The trial court imposed "periodic imprisonment" so Rosas-Ortega could remain employed during his incarceration.

that he had a problem and showed remorse for his actions. He acknowledged that an Illinois judge revoked his probation in 1995 after he failed to participate in the sexual offender treatment program that he was originally ordered to attend, that he was convicted for operating a motor vehicle under the influence of alcohol in 1988, and that he was arrested for the same offense earlier in 2003 and had charges pending against him at that time.

On August 12, 2003, the IJ denied Rosas-Ortega's application for section 212(c) relief. The IJ stated that granting section 212(c) relief is an exercise of discretion that is guided by *Matter of Marin*, 16 I & N Dec. 581, 584 (B.I.A. 1978) ("The immigration judge must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears in the best interests of this country."). He reasoned that, because Rosas-Ortega's conviction for aggravated criminal sexual abuse was "a single, serious crime," the *Matter of Marin* examination had to reveal an "unusual or outstanding equity" that favored granting relief.

The IJ then reviewed the evidence supporting Rosas-Ortega's application for relief—namely, the presence of family in the United States, his employment history, and his purported rehabilitation after undergoing sex offender treatment at Adelante. The IJ concluded: while Rosas-Ortega had family in the United States, he also had "numerous ties to Mexico"; that Rosas-Ortega's employment history in the United States "does not compel the conclusion that this constitutes an unusual or outstanding equity"; and that Rosas-Ortega completed the Adelante sex offender program only after he violated the conditions of his original probation and was re-sentenced to an additional two-and-one-half years' probation. The IJ, in exercising his discretion, accordingly denied Rosas-Ortega's application for section 212(c) relief.

## II. ISSUES

Rosas-Ortega petitions this court for review, arguing that the IJ: (1) failed to establish that Rosas-Ortega was guilty of an aggravated felony; (2) failed to examine factors that mitigate Rosas-Ortega's crime; and (3) violated his right to due process by excluding certain documents that he presented at the removal hearing.

## III. DISCUSSION

We initially address whether we have jurisdiction to consider Rosas-Ortega's petition for review. Under 8 U.S.C. § 1252(a)(2)(C), we are prohibited from reviewing orders to remove if the alien was convicted of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii); *see also Calcano-Martinez v. INS*, 533 U.S. 348, 351

(2001); *Flores v. Ashcroft*, 350 F.3d 666, 669 (7th Cir. 2003). The statutes define the term "aggravated felony" to include the "murder, rape, or sexual abuse of a minor," 8 U.S.C. § 1101(a)(43)(A), which, as pertinent to this case, encompasses convictions under Illinois's aggravated criminal sexual abuse statute, *see Espinoza-Franco v. Ashcroft*, 394 F.3d 461, 465 (7th Cir. 2005). We do have jurisdiction, however, to determine whether Rosas-Ortega committed the underlying offense that would otherwise eliminate jurisdiction. *See Gill v. Ashcroft*, 335 F.3d 574, 575 (7th Cir. 2003); *Yang v. INS*, 109 F.3d 1185, 1193 (7th Cir. 1997). In other words, if we determine that the record reflects that Rosas-Ortega committed aggravated criminal sexual abuse, we then lack jurisdiction to hear his case. *See* 8 U.S.C. § 1252(a)(2)(C); *Calcano-Martinez*, 533 U.S. at 351; *Flores*, 350 F.3d at 669.

Rosas-Ortega pleaded guilty to aggravated criminal sexual abuse, and when a defendant enters a guilty plea he admits the facts set out in the complaint. *See United States v. Lockwood*, 416 F.3d 604, 607-08 (7th Cir. 2005); *United States v. Barnett*, 415 F.3d 690, 692-93 (7th Cir. 2005). Yet, he makes the bizarre argument that the record does not establish that he committed aggravated criminal sexual abuse because the IJ did not find that the abuse victim was, in fact, under 18 years old when Rosas-Ortega sexually abused her. This argument is meritless. An element of this crime is that the victim is under 18 years old, 720 Ill. Comp. Stat. 5/12-16(b), and Rosas-Ortega admitted to the IJ and to us that he was guilty of the crime. The record therefore establishes that Rosas-Ortega's victim was under 18 years old. Because his crime constitutes an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A), we lack jurisdiction to hear Rosas-Ortega's remaining claims. *See* 8 U.S.C. § 1252(a)(2)(C); *Calcano-Martinez*, 533 U.S. at 351; *Flores*, 350 F.3d at 669.

## IV. CONCLUSION

The petition for review is accordingly DISMISSED.