**Sergey MORGORICHEV,
Petitioner–Appellee,**

v.

Michael B. MUKASEY,[1] Respondent–Appellant.

No. 00–2406–pr.

United States Court of Appeals, Second Circuit.

April 24, 2008.

Daniel B. Lundy, Barst & Mukamal, LLP, New York, N.Y., for Petitioner–Appellee.

Scott Dunn, Assistant United States Attorney (Varuni Nelson, Dione M. Enea, of counsel), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Respondent–Appellant.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Circuit Judges, Hon. ALAN H. NEVAS, District Judge.*

### SUMMARY ORDER

In 1993, Sergey Morgorichev, a lawful permanent resident of the United States, was convicted, following a jury trial, of conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. He was sentenced to sixty-three months' imprisonment, followed by a four-year term of supervised release. In 1997, the Immigration and

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General John Ashcroft as the respondent in this case.

* The Honorable Alan H. Nevas, of the United States District Court for the District of Connecticut, sitting by designation.

Naturalization Service ("INS") initiated deportation proceedings against Morgorichev, charging him as an alien who had been convicted of an aggravated felony and of a violation of law relating to a controlled substance. 8 U.S.C. § 1227(a)(2)(A)(iii) & (a)(2)(B)(i). The Immigration Judge ("IJ") found Morgorichev deportable and ineligible for relief under section 212(c) of the Immigration and Nationality Act ("INA"). The BIA affirmed on June 9, 1998. *In re Morgorichev,* No. A23 371 786 (B.I.A. June 9, 1998), *aff'g,* No. A23 371 786 (Immig. Ct. N.Y. City May 30, 1997).

In 1998, Morgorichev filed a habeas petition in the Eastern District of New York, arguing that the BIA and the IJ erred in retroactively applying the limitations on section 212(c) relief enacted by Congress in 1996.[2] The district court granted the habeas petition on June 20, 2000, and the government appealed. The appeal has been held in abeyance pending the decisions of this Court in *Calcano–Martinez v. INS,* 232 F.3d 328 (2d Cir.2000), *aff'd,* 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001), *St. Cyr v. INS,* 229 F.3d 406 (2d Cir.2000), *aff'd,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), as well as in *Rankine v. Reno,* 319 F.3d 93 (2d Cir. 2003). We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

During the pendency of this appeal, Congress passed the REAL ID Act of 2005, Pub. L. No. 109–13, Div. B, 119 Stat. 231, 302 (May 11, 2005), "significantly af-

fect[ing] the procedure for disposing of a habeas petition that … challenged a final order of removal." *Wilson v. Gonzales,* 471 F.3d 111, 116 (2d Cir.2006). We have held that in these cases the appeal is converted to a petition for review brought under 8 U.S.C. § 1252. *Id.* In so doing, we review the underlying deportation order, "vacating as a nullity the district court's decision below." *Moreno–Bravo v. Gonzales,* 463 F.3d 253, 257 (2d Cir.2006). And, as a petitioner's eligibility for a section 212(c) waiver "is a question of law, unlike the discretionary and unreviewable decision of whether such a waiver ultimately should be granted," our review of the issue is *de novo. Blake v. Carbone,* 489 F.3d 88, 98 n. 7 (2d Cir.2007).

The government contends that this case is squarely covered by our decision in *Rankine,* 319 F.3d at 99–100, in which we determined that the congressional elimination of section 212(c) relief is not impermissibly retroactive as applied to those aliens who, after trial, were convicted of aggravated felonies before 1996. We reached this conclusion in the case of Rankine and his co-petitioners on the ground that, unlike aliens who had *pled* guilty to aggravated felonies, these aliens had not relied on the availability of such relief.[3] Morgorichev challenges our rationale in *Rankine* as in conflict with the Supreme Court's retroactivity analysis in *Landgraf v. USI Film Products,* 511 U.S. 244, 114

---

**2.** In 1996, section 440(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, 1227 (Apr. 24, 1996), limited the availability of 212(c) relief for aliens convicted of aggravated felonies. Later that year, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104–208, Div. C, 110 Stat. 3009 (Sept. 30, 1996). Section 304(b) of IIRIRA repealed INA section 212(c).

**3.** Morgorichev does not contend that he delayed seeking 212(c) relief relying on the continued availability of such relief, an argument that remains open to such litigants post-*Rankine. See Restrepo v. McElroy,* 369 F.3d 627, 634–35 (2d Cir.2004); *see also Walcott v. Chertoff,* 517 F.3d 149, 154–55 (2d Cir.2008).

S.Ct. 1483, 128 L.Ed.2d 229 (1994), and in violation of principles of equal protection.

■ These arguments are unavailing. The Court's decision in *Rankine* addresses both issues. *See Rankine,* 319 F.3d at 98, 103. And we are bound by *Rankine* "unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc.*" *In re Sokolowski,* 205 F.3d 532, 534–35 (2d Cir.2000) (quotation marks omitted).

■ Morgorichev further contends that the regulation implementing the various forms of section 212(c) relief, *see* 8 C.F.R. § 1212.3(g), violates equal protection by determining eligibility for section 212(c) relief for criminals, otherwise similarly situated, based on the timing of the commencement of their deportation proceedings. The regulation, however, is a permissible implementation of Congress's intention in passing the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which, as we have held, was precisely to effectuate this line-drawing. *See Henderson v. INS,* 157 F.3d 106, 130 (2d Cir.1998). Although Morgorichev argues that the government might have manipulated the timing of proceedings in order to prevent aliens from receiving 212(c) relief, we note that the record does not demonstrate any unreasonable delay in the commencement of Morgorichev's deportation proceedings.

We have considered all of Petitioner–Appellee's claims and find them to be without merit. For the foregoing reasons, we VACATE the district court's grant of habeas, and DENY the petition for review.