**John D. SHAW, Petitioner–Appellant,**

v.

**Ronald WILEY, Warden of F.C.I. Ray Brook, Respondent–Appellee.**

No. 02–2708.

United States Court of Appeals, Second Circuit.

Oct. 17, 2003.

John D. Shaw, Ray Brook, NY, for Appellant, pro se.

Barbara D. Cottrell, Senior Litigation Counsel (Glenn T. Suddaby, United States Attorney for the Northern District of New York), Albany, NY, for Appellee.

Present: LEVAL, SACK, Circuit Judges, and KORMAN,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is AFFIRMED.

Petitioner–Appellant, John D. Shaw, *pro se,* appeals from the order of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Chief Judge* ), which denied his motion "for release on personal recognizance" during the pendency of his 28 U.S.C. § 2241 petition.

In February 2002, Shaw filed a § 2241 petition challenging the Immigration and Naturalization Service's ("INS") final or-

---

* Chief Judge of the United States District Court for the Eastern District of New York, sitting    by designation.

der of removal.[1] Shaw conceded that he had been previously deported, but claimed that, prior to his re-entry, he believed that he was a United States citizen. In lieu of an answer, the INS requested time to investigate Shaw's contention that he is a United States citizen.

During the pendency of the INS's investigation, Shaw moved for release on personal recognizance. In October 2002, a magistrate judge denied Shaw's motion, finding that Shaw had failed to show that an extraordinary circumstance existed that required his release in order to make the habeas remedy effective.

Shaw now argues on appeal that: (1) the district court erred in denying his motion; (2) he should be released from custody because the INS improperly applied INA § 301(g) as it existed in 1958; and (3) he "has been wrongfully indicted, convicted, and sentenced to prison for an offense [ ] which he could not have committed under law." He relies primarily on *Lake v. Reno*, 226 F.3d 141 (2d Cir.2000), *cert. granted, judgment vacated, Ashcroft v. Lake*, 533 U.S. 913, 121 S.Ct. 2518, 150 L.Ed.2d 691 (2001), *on remand, Lake v. Ashcroft*, 43 Fed.Appx. 417, 2002 WL 1770756 (2d Cir. 2002), in which he claims "this Court found unconstitutional portion of [the INA], which conferred United States citizenship on child born to citizen mother automatically and at birth, but the same constitutional application did not apply on child born to citizen father."

This Court has jurisdiction in an appeal from an order denying bail pending habeas corpus review. *See Grune v. Coughlin*, 913 F.2d 41, 43 (2d Cir.1990). The district court is permitted to enter an order affect-ing the custody of a habeas petitioner who is properly before it contesting the legality of his custody. *See Ostrer v. United States*, 584 F.2d 594 (2d Cir.1978). However, this Court has held that a habeas petitioner should be granted bail only in unusual cases or when extraordinary or exceptional circumstances exist that condition an effective habeas remedy on the grant of bail. *Id.* (citations omitted). Here, the district court correctly concluded that Shaw had failed to present circumstances that rise to the level of "extraordinary" or "exceptional."

In his motion for release pending completion of the INS investigation, Shaw primarily argued that: (1) he had been wrongfully convicted and sentenced; and (2) he should be released so that he may aid the INS in completing its investigation. After the motion was denied by the district court, the INS denied his application for certificate of citizenship, thus making moot the second issue. His argument that he was wrongfully convicted and sentenced is premature. The district court will address the substance of Shaw's habeas petition in the first instance.

Based on this Court's ruling in *Lake*, 226 F.3d at 141, Shaw also argues that the INA provision on which the INS relied is unconstitutional. Shaw's reliance on *Lake* is misplaced because, on remand from the Supreme Court, this Court held that *Tuan Anh Nguyen v. INS*, 533 U.S. 53, 121 S.Ct. 2053, 150 L.Ed.2d 115 (2001), foreclosed such a challenge. Shaw's argument that the INS should not have applied the 1958 statute is also unavailing because "the applicable law for transmitting citizenship to a child born abroad when one parent is a

---

**1.** Pursuant to its reorganization, the INS ceased to exist as an independent agency, and certain of its functions have been transferred, as of March 1, 2003, to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107–296, 116 Stat. 2135 (Nov. 25, 2002). The INS is now called the Bureau of Citizenship and Immigration Services, but, for the purposes of this order, it will be referred to as the INS.

238

United States citizen is the statute that was in effect at the time of the child's birth." *Drozd v. INS,* 155 F.3d 81, 86 (2d Cir.1998). Because Shaw has failed to proffer a valid argument in support of his motion to be released, the district court properly denied his motion.

For the above reasons, the order of the district court is hereby AFFIRMED.