

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2004

# Gomez-Sanchez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1784

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Gomez-Sanchez v. Atty Gen USA" (2004). *2004 Decisions.* Paper 871.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/871

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1784
_____

MOISES GOMEZ SANCHEZ,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On petition for review of a final order
of the Board of Immigration Appeals
(BIA No. A75-453-893)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 22, 2004

Before: FUENTES, SMITH & GIBSON, <u>Circuit Judges</u>.<sup>*</sup>

(Opinion Filed:   April 6, 2004)

_____

OPINION OF THE COURT
_____

<u>FUENTES</u>, Circuit Judge:

I.

---

The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Petitioner Moises Gomez Sanchez ("Gomez") is a Mexican citizen who has resided in the United States since the age of eleven and has lived in the United States for more than ten years. He entered this country in December 1987 on a student visa which has since expired. Accordingly, the government initiated removal proceedings pursuant to Section 237(a)(1)(B) of the Immigration and Nationality Act (INA).

Gomez requested cancellation of removal pursuant to Section 240A(b)(1) of the INA, arguing that his mother (whom he cares for) would experience undue hardship if he were forced to leave the country. Gomez explained that he dropped out of school to support his family after his mother suffered an accident making her unable to work. He submitted medical records indicating that one month prior to Gomez's removal hearing, his mother, Maria Rosado, a lawful permanent resident of the United States, suffered a severe fall and fractured both of her ankles while attending English class. According to Gomez's brief to this Court, submitted August 5, 2003, Ms. Rosado attended Gomez's removal hearing in a wheelchair with both legs in casts, and could not walk at all. It is unclear from the record whether her condition did or is expected to improve. Gomez has two siblings who lawfully reside in the United States, but Gomez claims that they are both students and are therefore incapable of providing Ms. Rosado with the care she requires.

The Immigration Judge denied Gomez's request for cancellation, concluding that Gomez had not shown that his mother would suffer extreme hardship if he were removed from the United States. The IJ also noted that, assuming Rosado required care, one of

2

Gomez's siblings might drop out or take time off school to help her, as Gomez had done. The Board of Immigration Appeals (BIA) approved the IJ's decision without an opinion.

Gomez advances three main arguments on appeal. First, he urges that the IJ applied an incorrect legal standard when determining whether deporting Gomez would cause exceptional and extremely unusual hardship to his mother, in violation of the INA. Second, he claims that the BIA's approval without opinion (AWO) of the IJ's decision violated his right to due process of law. Finally, Gomez argues that his case does not meet the regulatory criteria for summary affirmance by one BIA member because the IJ applied the wrong legal standard, and the issue of what constitutes an exceptional and extremely unusual hardship is a novel one. For the following reasons, we will dismiss his appeal because we conclude that we lack jurisdiction over Gomez's petition.

II.

Gomez sought relief under 8 U.S.C. § 1229b(b), which allows the Attorney General to cancel removal of an inadmissible or deportable alien if the alien meets four threshold requirements:

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien –
> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
> (B) has been a person of good moral character during such period;
> (C) has not been convicted of an offense under [8 U.S.C. §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3)] (except in a case described in [8 U.S.C. § 1227(a)(7)] where the Attorney General exercises discretion to grant a waiver); and

3

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

The Immigration Judge found that Gomez met the first three requirements for cancellation of removal. However, the IJ concluded that Gomez's removal would not result in an exceptional and extremely unusual hardship to his mother. Therefore, the IJ denied Gomez's request for discretionary cancellation of removal, and the BIA affirmed without issuing an opinion.

We may dispose of Gomez's underlying argument that the BIA's practice of issuing affirmances without opinions (AWOs) violates the Due Process Clause of the Constitution. As noted above, Gomez submitted his appellate brief in August 2003, before we issued our opinion in Dia v. Ashcroft, 353 F.3d 228 (3d Cir. 2004). In Dia, we held that streamlining regulations promulgated by the Attorney General of the United States allowing the BIA to issue AWOs do not violate the Due Process Clause. Id. at 245. We clarified that so long as either the IJ or the BIA (both part of the same government agency, now the Department of Homeland Security) "put forth a sufficiently reasoned opinion," the requirements of due process are met. Id. at 243.

However, having noted that streamlining in general has been held not to violate due process, we conclude that we lack jurisdiction to review the specific decision to streamline Gomez's case. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") eliminated our jurisdiction to review "denials of discretionary

4

relief." 8 U.S.C. § 1252(a)(2)(b). Section 1252(a)(2)(b)(i) strips the courts of appeals of jurisdiction concerning "any judgment regarding the granting of relief under section . . . [8 U.S.C. § 1229b]." We therefore held in Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 178 (3d Cir. 2003) that a decision that a petitioner does not satisfy the hardship requirement is discretionary and not reviewable by the Court of Appeals.

We believe, as the Ninth Circuit held in Carriche v. Ashcroft, 350 F.3d 845 (9th Cir. 2003), that our lack of jurisdiction to address the merits of the discretionary decision also deprives us of jurisdiction to consider whether his case was properly streamlined. As the Ninth Circuit stated, "[b]ecause the decision to streamline bestows the IJ's decision with the status of the final agency decision, any review of the streamlining decision . . . would be encompassed within review of the final decision denying cancellation of removal." Id. at 853 (citing 8 C.F.R. § 3.1(a)(7)). The Carriche Court explained:

> In deciding whether to streamline a case, the individual BIA member analyzes the merits of the IJ's decision to determine if the decision was correct, if the factual situation is novel, or if any errors were harmless. See 8 C.F.R. § 3.1(a)(7)(ii). Similarly, in order to determine whether these streamlining factors were properly applied, we, too, would be required to examine the merits of the IJ's decision; otherwise we could not assess whether the decision was correct or whether it met other streamlining criteria.

Id. at 853-54.

As in Carriche, Gomez argues that the streamlining procedures should not be applied to his cancellation of removal case because of the fact-intensive inquiry required to make a determination about "exceptional and extremely unusual hardship." However,

as the Ninth Circuit pointed out, to decide whether streamlining was appropriate, "we could necessarily be engaged in a merits analysis of the hardship claim." Id. at 854. Because we lack jurisdiction to review the merits of the IJ's discretionary decision regarding the "exceptional and extremely unusual hardship" requirement, we are also without jurisdiction to evaluate whether streamlining was appropriate. Mendez-Moranchel, 338 F.3d at 179.

The same rationale for dismissing Gomez's challenge to the streamlining decision applies to his claim that the IJ used the wrong legal standard in assessing his application for cancellation of removal. Mendez-Moranchel clarified that we lack jurisdiction to review the discretionary decision of whether an alien meets the hardship requirement in 8 U.S.C. § 1229b. Id. Although Gomez frames his argument as something other than a merits challenge, deciding his claim would require a merits analysis. See Carriche, 350 F.3d at 854 n. 8 ("Calling it something else does not change the legal character of the challenge."). We do not see how we could successfully determine whether the IJ applied the correct legal standard to Gomez's case without analyzing the merits of the IJ's decision to deny Gomez's request for cancellation. Therefore, we conclude that we lack jurisdiction to entertain this argument as well.

Because we lack jurisdiction to review Gomez's claim that the IJ applied an incorrect legal standard in assessing his case as well as his contention that the BIA should not have streamlined his petition, we will dismiss this appeal for lack of jurisdiction.