

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2004

# Carrillo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1144

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Carrillo v. Atty Gen USA" (2004). *2004 Decisions.* Paper 134.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/134

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1144

ANA CARRILLO,

Petitioner

v.

JOHN ASHCROFT, Attorney General of the
United States,

Respondent

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(No. A76-141-769)

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2004

Before: NYGAARD, AMBRO, and GARTH, Circuit Judges

(Opinion filed:  November 16, 2004)

OPINION

AMBRO, Circuit Judge

Ana Carrillo, a native and citizen of Peru, entered the United States in December

1984, at the age of nineteen, by crossing the Mexican border without inspection.

Subsequently, while remaining in the United States, Carrillo married Jose Martin Carrillo, an undocumented native of Peru. The couple's two daughters, Genesis and Katiuska, were born in the United States in 1994 and 1999, respectively.

In June 1999, Carrillo was charged as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted legally. Before the Immigration Judge ("IJ"), Carrillo conceded removability, but sought cancellation of removal pursuant to § 240A(b) of the INA, 8 U.S.C. § 1229A(b), or alternatively voluntary departure.

With respect to Carrillo's request for cancellation of removal, the only issue before the IJ was whether she had established that her U.S. citizen daughters would suffer "exceptional and extremely unusual hardship" as a result of her deportation.[1] Concluding that Carrillo failed to satisfy this statutory requirement, the IJ denied her application for

---

[1] Under § 240A(b) of the INA, "the Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien –
>    (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>    (B) has been a person of good moral character during such period;
>    (C) has not been convicted of an offense under section 212(a)(2), 237(a)(2), or 237(a)(3) [8 U.S.C. §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3)] (except in a case described in section 237(a)(7) [8 U.S.C. § 1227(a)(7)] where the Attorney General exercises discretion to grant a waiver); and
>    (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.
8 U.S.C. § 1229b(b)(1). Only the last requirement was at issue before the IJ.

2

cancellation of removal in a written opinion issued on April 20, 2000. The IJ granted

Carrillo voluntary departure in the same opinion. Carrillo appealed the denial of

cancellation of removal to the Board of Immigration Appeals ("BIA"), which affirmed

the IJ's decision on December 19, 2002, and issued an alternate order of removal. We

review the BIA's order here.[2]

We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. §

1252(a), as amended by the Illegal Immigration Reform and Immigrant Responsibility

Act ("IIRIRA").[3] This jurisdiction is qualified, however, by several explicit, statutory

jurisdictional bars. Among these jurisdictional bars is § 242(a)(2)(B) of the INA, 8

U.S.C. § 1252(a)(2)(B), which precludes us from reviewing denials of applications for

discretionary relief. 8 U.S.C. § 1252(a)(2)(B) (providing that "no court shall have

jurisdiction to review . . . any . . . decision or action of the Attorney General the authority

for which is specified under this subchapter to be in the discretion of the Attorney

General . . .").

This jurisdictional bar applies to the determination that an applicant has failed to

establish that removal would result in the exceptional and extremely unusual hardship of a

relative. *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 176 (3d Cir. 2003) (holding that

"the issue of whether [a petitioner] meets the hardship requirement is a discretionary

---

[2] To the extent necessary, we also consider the IJ's opinion for indicia of procedural due process in Part III, *infra*.

[3] Pub. L. No. 104-208, 110 Stat. 3009 (1996).

decision by the Board of Immigration Appeals, [and] we lack jurisdiction to review [such a] decision"). Put simply, *Mendez-Moranchel* stymies a look by us at the discretionary decision of the BIA in this case.

Carrillo nonetheless maintains that we have jurisdiction to consider the three arguments she presents in her petition for review. Her first argument is that the IJ applied the wrong legal standard in her analysis and that the BIA summarily adopted this flawed analysis. Second, Carrillo contends that the BIA erroneously applied the regulatory criteria for summary affirmance by a single BIA member. Third, Carrillo claims she has suffered a deprivation of her constitutional right to due process of law. For the reasons given below, we conclude that we lack jurisdiction to consider her first argument,[4] the second argument proceeds on the wrong basis–that the BIA through a single member summarily affirmed the IJ's decision when in fact the full BIA panel affirmed, and we reject as unpersuasive her third argument.

## I.

Carrillo first argues that her removal proceedings were deficient because the IJ applied an erroneous standard and the BIA summarily affirmed the IJ's decision on the

---

[4] Recognizing that as a general rule we do not cite non-precedential opinions, we note here as an historical fact that the question whether we have jurisdiction to entertain Carrillo's argument was squarely addressed in *Gomez Sanchez v. Ashcroft*, No. 03-1784, 2004 WL 751498 (3d Cir. Apr. 6, 2004). In *Sanchez*, we held, *inter alia*, that we lack jurisdiction to entertain a "claim that the IJ used the wrong legal standard in assessing [a discretionary] application." *Id.* at **2. (Judge Garth does not join in this footnote because this Court has adopted a policy of not citing non-precedential opinions.)

basis of that standard. She contends that the IJ implicitly construed the "exceptional and extremely unusual hardship" standard as requiring an unconscionable hardship to the petitioner's relative. While she might have failed to meet this more demanding standard, Carrillo maintains that she unequivocally demonstrated the level of hardship actually required by the statute. As we know of no prescribed template cabining the Attorney General's exercise of discretion in determining "exceptional and extremely unusual hardship" in cancellation of removal cases (absent, of course, the prerequisites of § 240A(b) of the INA), the bottom line is that all roads lead to discretion and we are bereft of the authority to review its exercise. *Cf. Carriche v. Ashcroft*, 350 F.3d 845, 854 n.8 (9th Cir. 2003).

## II.

Carrillo's argument that the BIA erred in disposing of her appeal through a summary affirmance without opinion has a fundamental flaw. At root level, there was an opinion of the full BIA, not merely a single member. While we concede that the BIA's opinion on the merits of Carrillo's cancellation of removal entreaty was as bare bones as it gets,[5] it was nonetheless an opinion. Thus Carrillo's assertion that a summary affirmance was entered improperly is a non-starter.

---

[5] In pertinent part, the BIA wrote: "[n]otwithstanding...[Carrillo's] appellate contentions, we agree with the [IJ] that...[Carrillo] has not demonstrated that her two [U.S.] citizen children would suffer exceptional and extremely unusual hardship as that term has been defined." A.R. at 2.

III.

Carrillo argues finally that the IJ and BIA violated her right to due process by denying her an "individualized legal analysis of her case using established BIA precedent." Pet'r Br. at 20. She maintains that the IJ employed "boilerplate" language without considering the facts of her case and that the BIA's summary affirmance reflects no indication "that the record was reviewed." *Id.* at 22. On the basis of these allegations that she was denied an individualized review of her case at both the IJ and BIA level, Carrillo argues that she was not accorded due process of law.

Again, we must consider whether we have the jurisdiction required to entertain Carrillo's claim. In this constitutional context, however, the inquiry is not as straightforward as it was in our earlier analysis. The Government concedes that we "may have jurisdiction to review certain substantial constitutional issues implicated" by denials of applications for discretionary relief. Resp. Br. at 10 (quotation omitted) (citing *Alvarez-Delmuro v. Ashcroft*, 360 F.3d 1254, 1256 (10th Cir. 2004) (leaving open the question "whether constitutional concerns might require us to construe § 1252(a)(2)(B)(i) to permit review in some circumstances"); *Flores-Garza v. INS*, 328 F.3d 797, 803 n.5 (5th Cir. 2003) (leaving open the question whether court's jurisdiction would extend to "separate and distinct" constitutional claims in cases where jurisdiction is otherwise barred by § 1252(a)(2)(C)); *Singh v. Reno*, 182 F.3d 504, 509 (7th Cir. 1999) (explaining that "review may be implied where its absence would raise serious constitutional

6

concerns")).  In order to determine whether Carrillo's case presents a constitutional challenge that rises to a level sufficient to warrant our exercise of jurisdiction, we must consider the nature and merit of her constitutional argument.  *Cf. Calcano-Martinez v. Ashcroft*, 533 U.S. 348, 350 n.2 (2001) (considering whether "courts of appeals retain jurisdiction to review 'substantial constitutional challenges' raised by aliens who come within the strictures of § 1252(a)(2)(C)" and concluding that "background principles of statutory construction and constitutional concerns must be considered in determining the scope of IIRIRA's jurisdiction-stripping provisions"). This creates a theoretical chicken-and-egg problem; we must reach the substance of her argument in order to determine whether we have jurisdiction to reach the substance of her argument.  *Id.*

Analyzing Carrillo's due process claim in this context, we conclude that her argument is unpersuasive.  On its face, the IJ's decision controverts Carrillo's assertion that the IJ employed boilerplate language in her decision.  As the Government explains, the IJ's opinion "included a three-page description of Carrillo's evidence on the hardship issue . . . followed by a one-and-a-half page[] analysis as to whether this evidence met the standard."  Resp. Br. at 17.  The IJ carefully catalogued the asserted hardships and reasoned that they did not rise to the statutory level required to support an application for cancellation of deportation.  Her opinion clearly embodies an individualized review of Carrillo's case.

IV.

For the reasons set forth, Carrillo's petition for review is hereby dismissed in part and denied in part.