NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0051n.06
Filed: January 19, 2005

No. 03-3115

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| DAVID ADEKOYA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **PETITION FOR REVIEW FROM THE** |
| JOHN ASHCROFT, United States Attorney | ) | **BOARD OF IMMIGRATION APPEALS** |
| General, | ) | **NO. A91 564 945** |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Before: GIBBONS and ROGERS, Circuit Judges, and BELL, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge**. Petitioner David Adekoya entered the United

States in approximately July 1981 without being admitted or paroled. Adekoya was granted

temporary lawful status in 1988. In 1990, Adekoya pled guilty to one count of use of a

communication facility in a drug offense in violation of 21 U.S.C. § 843(b). In 1991, Adekoya's

status was adjusted to lawful permanent resident.

In July 1999, the Immigration and Naturalization Service ("INS") instituted removal

proceedings against Adekoya pursuant to Section 237(a)(1)(A) of the Immigration and Nationality

Act ("INA"), 8 U.S.C. § 1227(a)(1)(A). Adekoya requested discretionary relief in the form of a

---

[*]The Honorable Robert Holmes Bell, Chief United States District Judge for the Western
District of Michigan, sitting by designation.

waiver of deportation pursuant to Section 212(c) of the INA, 8 U.S.C. § 1182(c) (repealed 1996), but the Immigration Judge ("IJ") denied this relief in December of 2001. The Board of Immigration Appeals ("BIA") summarily affirmed the decision of the IJ without issuing a separate opinion. Adekoya appealed the BIA's decision to this court in January 2003, claiming that the BIA's summary affirmance violated his Fifth Amendment due process rights and that the BIA abused its discretion in affirming the IJ's decision to deny him the requested discretionary relief.

For the following reasons, we reject Adekoya's Fifth Amendment due process challenge and dismiss Adekoya's substantive challenge to the deportation order for lack of subject matter jurisdiction.

**I.**

Petitioner David Adekoya, a native and citizen of Nigeria, entered the United States in approximately July 1981 without being either admitted or paroled. In July 1988, Adekoya was granted lawful temporary resident status. On March 9, 1990, Adekoya pleaded guilty in district court in the Eastern District of New York to one count of use of a communication facility in a drug offense in violation of 21 U.S.C. § 843(b). On December 21, 1991, Adekoya's status was adjusted to lawful permanent resident under Section 245A of the Immigration and Nationality Act, 8 U.S.C. § 1255(a).

On July 16, 1999, the Immigration and Naturalization Service commenced removal proceedings against Adekoya pursuant to Section 240 of the INA, 8 U.S.C. § 1229a, based on the fact that he was an inadmissible alien at the time of his adjustment to permanent legal status due to his conviction of a controlled substance offense, pursuant to Section 237(a)(1)(A), 8 U.S.C. §

1227(a)(1)(A).  In response, Adekoya requested discretionary relief and a waiver of deportation

pursuant to Section 212(c) of the INA, 8 U.S.C. § 1182(c) (repealed 1996).  Section 212(c) provided

that lawfully admitted aliens for permanent residence who have unrelinquished domicile of at least

seven years in this country may be granted a waiver of deportation at the BIA's discretion.  *Gonzalez*

*v. INS*, 996 F.2d 804, 806 (6th Cir. 1993); *In re Arreguin de Rodriguez*, 21 I. & N. Dec. 38, 39

(B.I.A. 1995); *In re Silva*, 16 I. & N. Dec. 26, 27-28 (B.I.A. 1976).  The alien seeking relief carries

the burden of proving his eligibility under Section 212(c).  *Gonzalez*, 996 F.3d at 807.  Although

Section 212(c) was repealed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") and

the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), *see* 110 Stat.

1277, the Supreme Court has held that aliens who entered into plea agreements and who would have

been eligible for Section 212(c) relief at the time of the plea may still avail themselves of such relief.

*INS v. St. Cyr*, 533 U.S. 289, 326 (2001).  The Supreme Court reasoned that, because many

individuals may have entered into plea agreements in reliance on the availability of section 212(c)

relief, *id.* at 321-22, and because Congress had not clearly indicated that the repeal should apply

retroactively, the repeal did not affect the availability of section 212(c) relief for these individuals.

*Id.* at 326.[1]

On December 28, 2001, the IJ denied Adekoya's requested discretionary relief pursuant to

Section 212(c), finding that Adekoya was statutorily ineligible for the relief he sought because, at

the time he entered the guilty plea, he was not a lawful permanent resident.  The IJ reasoned that

---

[1]The immigration court continued the proceedings in Adekoya's case on April 25, 2001 in order to await the Supreme Court's determination in the *St. Cyr* case, finding that no harm would arise from waiting and that the outcome in the case might affect the outcome in Adekoya's case.

although Adekoya's plea was received in 1990, during the time that Section 212(c) was still available, Adekoya did not attain lawful permanent resident status until 1991. Thus, he was not eligible for Section 212(c) relief at the time that his plea was entered, and he could not benefit from the Supreme Court's ruling in the *St. Cyr* case. The IJ consequently ordered Adekoya's removal to Nigeria.

Adekoya appealed the IJ's decision to the BIA on January 11, 2002. On December 30, 2002, the BIA issued a per curiam order affirming, without a separate opinion, the decision of the IJ, thereby making the IJ decision the final agency determination pursuant to 8 C.F.R. § 1003.1(e)(4). Adekoya appealed the decision of the BIA to this court on January 28, 2003. This court granted Adekoya's motion for an emergency stay pending appeal on June 6, 2003.

**II.**

This court must review claims of constitutional violations in deportation proceedings *de novo*. *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001).

Prior to the enactment of AEDPA and IIRIRA in September 1996, denials of waivers of deportation were reviewable by this court for an abuse of discretion. *Craddock v. INS*, 997 F.2d 1176, 1178 (6th Cir. 1993). However, AEDPA and IIRIRA removed from the jurisdiction of this court "any final order of deportation against an alien who is deportable by reason of having committed a criminal offense" covered in the INA, 8 U.S.C. § 1252(a)(2)(C), which would include Adekoya's drug related offense, *see id.* § 1227(a)(2)(B). In this case, there is a dispute between the parties as to whether this court has jurisdiction over Adekoya's appeal in light of AEDPA and

IIRIRA. This court reviews questions of jurisdiction *de novo*. *United States v. Brown*, 276 F.3d 211, 214 (6th Cir. 2002).

On appeal, Adekoya argues that the BIA's order summarily affirming the decision of the IJ violated his Fifth Amendment due process rights by precluding meaningful review by this court. According to Adekoya, because the BIA merely issued a summary affirmance of the IJ's decision, rather than adopting the reasoning of the IJ, it is impossible for this court to discern what the BIA actually decided, and thus, this court is incapable of conducting a meaningful review.

It is axiomatic that pursuant to the Fifth Amendment, aliens are entitled to due process of law in deportation proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). The government is required to follow established procedures that are consistent with the alien's due process rights before the alien is deported. *Shaughnessy v. United States*, 345 U.S. 206, 212 (1953).

The BIA's decision to summarily affirm the IJ is authorized by 8 C.F.R. § 1003.1(e)(4), which provides that a Board may affirm an IJ decision without opinion where (1) the result was correct, (2) any errors in the result were immaterial or harmless, and (3) the issue is well-settled by precedent or the issues raised are so insubstantial that a full review is not warranted. *Id.* Where the BIA determines that a summary affirmance is appropriate under § 1003.1(e)(4), the BIA is directed to issue an order containing the following statement: "The Board affirms, without opinion, the result of the decision below. The decision below is, therefore, the final agency determination. *See* 8 CFR 1003.1(e)(4)." *Id.* While Adekoya does not dispute that this provision exists in the regulations or that it authorizes precisely what the BIA did in this case, he argues that the authorizing provision

violates an alien's due process rights. Because this issue has already been raised before and decided by this court, Adekoya's due process challenge must fail.

In December of 2003, a panel of this court reviewed a very similar due process challenge to a Board's summary affirmance of an IJ's decision. *See Denko v. INS*, 351 F.3d 717 (6th Cir. 2003). This court held in *Denko* that the BIA's decision to affirm the IJ's decision without issuing an independent opinion does not constitute a due process violation. *Id.* at 730. The court first noted that although BIA review is permitted, it is not constitutionally required. *Id.* at 729. The court then reasoned that because the summary affirmance without an opinion renders the IJ's decision the final agency decision, this court is not without a reasoned decision to review. *Id.* at 730. Thus, the summary affirmance of the BIA does not compromise the ability of this court to review the order, nor does it deprive the alien of the review to which he is entitled. *Id.* The claim advanced in the instant case is essentially the same as the argument raised and decided in the *Denko* case. Therefore, no due process violation has occurred as a result of the BIA's summary affirmance in this case.

Adekoya's second claim on appeal is that the BIA abused its discretion in affirming the IJ's determination that Adekoya was ineligible for a discretionary waiver from deportation. The IJ found that Adekoya was ineligible for relief under Section 212(c) of the INA because he was not a lawful permanent resident at the time that he entered his plea on the criminal charge. Thus, he did not fall within the class of persons who, notwithstanding AEDPA and IIRIRA's repeal of Section 212(c) relief, could seek discretionary relief from the district court pursuant to *St. Cyr.* Adekoya does not dispute the IJ's factual finding that he was not a permanent lawful resident at the time that he entered his plea, nor does he dispute the notion that status as a lawful permanent resident is required in order

to be eligible for relief under Section 212(c). However, Adekoya claims that, because he became a lawful permanent resident in 1991, the fact that he was not a lawful permanent resident at the time of the guilty plea should not preclude him from seeking discretionary relief under Section 212(c). Adekoya argues, in effect, that his subsequent lawful permanent residency status should be backdated so that he can meet the Section 212(c) requirements.

Prior to 1996, this court had jurisdiction to review denials of discretionary waivers of deportation for an abuse of discretion. *Craddock*, 997 F.2d at 1178. However, Congress changed the scope of this court's jurisdiction regarding judicial review of immigration orders in 1996 through AEDPA and IIRIRA. *See* 8 U.S.C. § 1252. Pursuant to these new provisions, federal courts of appeals lack jurisdiction over "any final order of removal against any alien who is removable by reason of" conviction of certain criminal offenses, including crimes relating to controlled substances in violation of 21 U.S.C. § 802. 8 U.S.C. § 1252(a)(2)(C). Adekoya, who was convicted of one count of use of a communication facility in a drug offense in violation of 21 U.S.C. § 843(b), fits squarely within the exclusion contained in § 1252(a)(2)(C). Therefore, this court lacks jurisdiction to hear Adekoya's arguments contesting the final order of deportation. *See Calcano-Martinez v. INS*, 533 U.S. 348, 351 (2001) (holding that Court of Appeals lacked jurisdiction pursuant to § 1252(a)(2)(C) over the INS's determination that alien was ineligible for discretionary waiver because alien had been convicted of a felony within the scope of the statute).

Adekoya contends that the issue he raises is of constitutional dimension. Therefore, he urges this court to review the district court's finding that he was ineligible for Section 212(c) relief pursuant to *St. Cyr* on this basis. We find this argument to be unavailing.

In ruling on the jurisdiction stripping provision of § 1252(a)(2)(C), the Supreme Court did note that "serious constitutional questions" would be raised if this provision were construed to leave the alien with no avenue for judicial review. *See Calcano-Martinez*, 533 U.S. at 351. However, these concerns are alleviated by the Supreme Court's holding that § 1252(a)(2)(C) does not preclude an alien from challenging the district court's deportation order by filing a writ of habeas corpus. *See id.*; *St. Cyr*, 533 U.S. at 310-11. To the extent that Adekoya wishes to challenge the district court's ruling that Section 212(c) relief was unavailable to him on constitutional grounds or otherwise, the Supreme Court has been very clear that such a challenge must take place in a habeas proceeding rather than on direct review by federal courts of appeal. *See Calcano-Martinez*, 533 U.S. at 351.

### III.

For the foregoing reasons, we reject Adekoya's Fifth Amendment challenge to the BIA's summary affirmance of the IJ decision and dismiss Adekoya's challenge to the substance of the decision for lack of jurisdiction.