**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SERGEY GENNAD'YEVICH
NOVITSKIY,

Petitioner,

v.

JOHN ASHCROFT, United States
Attorney General,

Respondent.

No. 04-9530

(United States Board of Immigration)

(Agency No. A71 193 707)

**ORDER AND JUDGMENT**  *

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges.  **

Sergey Gennad'Yevich Novitskiy, Petitioner, asks us to review the Board

of Immigration Appeals's order finding him removable because he committed an

aggravated felony.  Finding that we lack jurisdiction, we dismiss the appeal.

---

* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

BACKGROUND

Novitskiy, born in Azerbaijan, is a citizen of the former Soviet Union and a legal alien in this country. In the District Court of Arapahoe County, Colorado, Novitskiy pled guilty to trespass of an automobile with intent to commit a crime and possession of burglary tools in violation of C.R.S. §§ 18-4-502 and 18-4-205(1), respectively. The court sentenced Novitskiy to eighteen months in prison.

Because Novitskiy is an alien, removal proceedings were instituted. After a hearing, an immigration judge (IJ) found Novitskiy removable because unequivocal evidence showed he was an alien who committed an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43)(G) (2000) (defining an aggravated felony as, among other things, a burglary conviction resulting in a prison sentence in excess of one year). Novitskiy appealed the IJ's decision to the Board of Immigration Appeals (BIA). The BIA affirmed the decision, finding the government met its burden of proving Novitskiy was an alien who was removable because he committed an aggravated felony. Thereafter, Novitskiy filed a timely appeal with this court.

ANALYSIS

The Immigration and Nationality Act (INA) divests this court of "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony. 8 U.S.C.

§ 1252(a)(2)(C) (2000). However, in determining whether this jurisdictional bar applies, we can "decide whether [a] petitioner is (i) an alien (ii) deportable (iii) by reason of a criminal offense listed in" 8 U.S.C. § 1101. *Tapia-Garcia v. INS*, 237 F.3d 1216, 1220 (10th Cir. 2001). Thus, while we can "determine whether we have jurisdiction over deportation orders concerning alleged aggravated felons as described in *Tapia-Garcia*, 'the plain language of § 1252(a)(2)(C) fairly explicitly strips the courts of appeals of jurisdiction to hear their claims on petitions for direct review.'" *Latu v. Ashcroft*, 375 F.3d 1012, 1017 (10th Cir. 2004) (quoting *Calcano-Martinez v. INS*, 533 U.S. 348, 351 (2001)).

Our limited jurisdiction under § 1252(a)(2)(C) allows us only to determine whether Novitskiy is an alien who is deportable because he committed an aggravated felony as defined by 8 U.S.C. § 1101. Because neither party contests Novitskiy's status as an alien, we need only examine whether Novitskiy committed an aggravated felony.[1] The INA specifically enumerates offenses that constitute aggravated felonies. One such offense, found at § 1101(a)(43) is "a theft offense . . . or burglary offense for which the term of imprisonment [is] at

---

[1] Respondent moved to dismiss the appeal for lack of jurisdiction, arguing that we lack jurisdiction to determine if Novitskiy committed an aggravated felony. However, because we cannot determine whether the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(C) applies without examining whether Novitskiy did in fact commit an aggravated felony, we deny the motion.

least one year." Novitskiy contends he did not commit an aggravated felony because his crimes do not constitute a theft offense or burglary under § 1101. [2]

The BIA noted Novitskiy pled guilty to "knowingly entering a motor vehicle with the intent to steal a thing of value." Aplt. Br. Ex. A, p. 4. Based on this plea, and the resulting eighteen-month sentence, the BIA found Novitskiy committed an aggravated felony, and specifically a theft offense, which it defined as the attempted "'taking of property or [] exercise of control over property without consent [and] with the criminal intent to deprive the owner of rights and benefits of ownership.'" *Id.* at 3 (quoting *United States v. Vasquez-Flores*, 265 F.3d 1122, 1125 (10th Cir. 2001)).

"[W]e must defer to the [BIA's] construction of [an immigration] statute . . . [if the statute] is subject to differing interpretations . . . [and] the interpretation . . . is reasonable." *Tapia-Garcia*, 237 F.3d at 1220. The INA does not specifically define theft offense, thus it is subject to varying interpretations. However, the BIA's definition and interpretation of theft offense were reasonable because they relied on applicable precedent and fairly construed the INA. Therefore, we find Novitskiy is an alien who is deportable because he committed

---

[2] Novitskiy also argues the government failed to meet its statutory burden of proof. This argument necessarily requires us to review the merits of the case and exceeds our jurisdiction under 8 U.S.C. § 1252(a)(2)(C). Thus, we do not address the argument.

a theft offense that constitutes an aggravated felony under 8 U.S.C. § 1101.  As a

result, we must dismiss the case for lack of jurisdiction under 8 U.S.C.

§ 1252(a)(2)(C).

                                                Entered for the Court

                                                Timothy M. Tymkovich
                                                Circuit Judge