**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CANDAL NGUYEN,

    Petitioner,

v.

MICHAEL B. MUKASEY,
Attorney General,[*]

    Respondent.

No. 06-9529
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Petitioner Candal Nguyen filed a petition in this Court seeking to challenge

the affirmance by the Board of Immigration Appeals ("BIA") of his continued

detention under 8 U.S.C. § 1231(a)(6) and now seeks to have this matter

---

[*] In accordance with Fed. R. App. P. 43(c)(2), Michael B. Mukasey is substituted for Alberto R. Gonzales as respondent in this appeal.

[**] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

transferred to the United States District Court for the District of Colorado. We do not have jurisdiction under 8 U.S.C. § 1252(a)(1), but we do have authority under 28 U.S.C. § 1631 to transfer the case. We conclude that transfer is not warranted under these circumstances and, accordingly, **DENY** the motion to transfer and **DISMISS** the petition for want of jurisdiction.

## I. BACKGROUND

Mr. Nguyen, a citizen of Vietnam who entered the United States in 1980 and had his status adjusted to a lawful permanent resident, became subject to a removal order on July 16, 2003, after being charged as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for a 1985 Mississippi conviction of grand larceny, an aggravated felony under 8 U.S.C. § 1101(a)(43). He waived his appeal of the removal order. When his removal could not be effectuated, he remained in custody, and after various administrative processes the BIA upheld his continued administrative detention under 8 C.F.R. § 1241.14 on the ground that his release would present a special danger to the public. On March 13, 2006, Mr. Nguyen filed in this Court a petition for review of the BIA's decision regarding his continued detention, along with a motion to proceed *in forma pauperis*.

Mr. Nguyen later concluded that this Court does not have jurisdiction under 8 U.S.C. § 1252(a)(1) (granting jurisdiction to review only "a final order of removal")—a point as to which the parties agree. He acknowledges that a

-2-

challenge to his immigration detention should have been brought in federal district court as a habeas petition under 28 U.S.C. § 2241, *see Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (noting "a district court's jurisdiction to review habeas petitions challenging an alien's detention"), and that this Court does not have original jurisdiction over habeas petitions, *see Trevino-Casares v. U.S. Parole Commission*, 992 F.2d 1068, 1070 (10th Cir. 1993) ("[T]he circuit courts of appeal have no original jurisdiction to consider habeas corpus petitions."). Therefore, Mr. Nguyen moved, on August 23, 2006, to have the petition transferred to the District Court for the District of Colorado.

Previously, on July 15, 2005, Mr. Nguyen had filed a habeas petition in the District Court for the District of Colorado, alleging that his continued detention violated the principles set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In June 2006, the government granted Mr. Nguyen supervised release, delivering him to a social service agency in North Carolina. The district court denied the habeas petition as moot on the grounds that Mr. Nguyen had obtained all of the relief that he would be entitled to under the petition. Subsequently, the BIA reopened the removal case and remanded the matter back to an immigration judge, who in turn administratively closed the case without issuing a new removal order. Because the administrative action meant Mr. Nguyen was not currently subject to a

removal order, the district court denied a motion for reconsideration as moot on March 23, 2007, and closed the case.

## II. DISCUSSION

We do not have jurisdiction over this petition because Mr. Nguyen only seeks review of the administrative decision regarding his continued detention, not review of the "final order of removal." *See* 8 U.S.C. § 1252(a)(1). Under 28 U.S.C. § 1631, we have authority to transfer "a petition for review of administrative action" for which we lack jurisdiction to any other court in which the action could have been brought, "if it is in the interest of justice." The decision whether to transfer under § 1631 instead of dismissing without prejudice is a matter of discretion. *See Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

Here, we do not find the transfer to be "in the interest of justice." Mr. Nguyen has represented to this Court that his habeas proceeding in the District Court for the District of Colorado, *Nguyen v. Gonzales*, No. 05-CV-1332 (D. Colo.), raised the "same issues" and sought "resolution of the same controversy" involving the "same parties" as the petition before us. Pet. Abeyance Mot. at 5. The district court dismissed that case as moot. Thus, there is every reason to conclude that the district court would find Mr. Nguyen's petition here equally moot because of his release and the absence of a removal order. Dismissal will work no prejudice on any other potential claims Mr. Nguyen may have in his current situation.

Mr. Nguyen's motion for transfer to the district court is **DENIED**. This petition is **DISMISSED** for lack of jurisdiction. The motion to proceed *in forma pauperis* is **GRANTED**.

Entered for the Court

JEROME A. HOLMES
Circuit Judge