FILED
United States Court of Appeals
Tenth Circuit

March 26, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

SERGEY GENNAD'YEVICH
NOVITSKIY,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 12-9580
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Petitioner Sergey Novitskiy, a native of the former Soviet Union and a lawful

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

permanent resident of the United States, proceeding pro se, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from the immigration judge's order denying his motion to terminate, finding him removable, and ordering him removed. Petitioner raises five arguments in his petition. First, he argues the IJ should have terminated the reopened removal proceedings because he was improperly detained by Immigration and Customs Enforcement as a result of the Department of Homeland Security's delay in filing the motion to reopen.[1] Second, Petitioner appears to argue that DHS's actions in connection with his removal proceedings denied him due process. Third, Petitioner argues the IJ erred in concluding he was convicted of an aggravated felony based on his 2002 conviction under C.R.S. § 18-4-502 because criminal trespass is not an aggravated felony under 8 U.S.C 1101(a)(43)(G)—"a theft offense . . . for which the term of imprisonment [is] at least one year"—and because the 2003 certified judgment of conviction, on which DHS relied, was not reliable. Fourth, Petitioner argues the IJ erred in concluding he was convicted of an aggravated felony based on his 2007 forgery conviction under C.R.S. § 18-5-102 because that conviction is on direct appeal in

_____

[1] Petitioner's argument on this point is less than clear. It appears he challenges both the constitutionality of his detention for the approximately six months before the IJ held a hearing on remand and DHS's authority to seek removal based on his second conviction (for forgery) after waiting more than a year and a half since he completed his sentence for that offense and after having previously, upon completion of the sentence, released him under an order of supervision. As the BIA concluded, the first component of Petitioner's argument appears to be a challenge to his detention. The second component, however, appears to be an argument that DHS should be equitably estopped from pursuing removal of Petitioner.

the Colorado state courts and is, therefore, not final. Finally, based on the above arguments, Petitioner maintains the IJ erred in concluding he had been convicted by a final judgment of a particularly serious crime, and he is therefore ineligible for withholding of removal.

Before reaching the merits of Petitioner's arguments, we must first consider the scope of our jurisdiction. Our jurisdiction is limited to review of final orders of removal. 8 U.S.C. § 1252(a)(1). Section 1252(a)(2)(C) divests us of jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed" an aggravated felony. However, in determining whether this jurisdictional bar applies, we can "decide whether [a] petitioner is (i) an alien (ii) deportable (iii) by reason of a criminal offense listed in" 8 U.S.C. § 1101. *Tapia Garcia v. INS*, 237 F.3d 1216, 1220 (10th Cir. 2001). Our limited jurisdiction under § 1252(a)(2)(C) thus allows us to determine whether Petitioner is an alien who is deportable because he committed an aggravated felony as defined by 8 U.S.C. § 1101.

Petitioner contends he did not commit an aggravated felony because the crime for which he was convicted under C.R.S. § 18-4-502 does not constitute a theft offense or burglary under § 1101(a)(43)(G).[2] We previously upheld the BIA's determination that

---

[2] Petitioner additionally argues the government failed to meet its burden of proof that he had been convicted of a theft offense because the certified judgment of conviction was nine years old and therefore unreliable. "This argument necessarily requires us to review the merits of the case and exceeds our jurisdiction under 8 U.S.C. § 1252(a)(2)(C). Thus, we do not address the argument." *Novitskiy v. Ashcroft*, 120 F. App'x 286, 288 n.2 (10th Cir. 2005).

Petitioner's guilty plea in the state trespass case to "knowingly entering a motor vehicle with the intent to steal a thing of value" is a "theft offense that constitutes an aggravated felony under 8 U.S.C. § 1101." *Novitskiy v. Ashcroft*, 120 F. App'x 286, 288 (10th Cir. 2005) (internal quotation marks omitted). We do not agree with Petitioner that the Supreme Court's intervening decision in *Nijhawan v. Holder*, 557 U.S. 29 (2009) compels a different conclusion. Indeed, since *Nijhawan*, we have applied the modified categorical approach to determine whether a conviction under C.R.S. § 18-4-502 qualifies as an aggravated felony theft offense and concluded it does when the conviction is based on "knowingly and unlawfully entering a motor vehicle with intent to commit therein the crime of THEFT." *United States v. Venzor-Granillo*, 668 F.3d 1224, 1232 (10th Cir. 2012) (internal quotation marks omitted) (addressing whether conviction under C.R.S. § 18-4-502 qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) for purposes of an eight-level sentence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C)). Accordingly, we agree with the IJ and BIA that Petitioner is an alien who is deportable because he committed a theft offense that constitutes an aggravated felony under 8 U.S.C. § 1101. As such, we lack jurisdiction under § 1252(a)(2)(C) over Petitioner's petition for review, including his challenge to the IJ's denial of his motion to terminate the proceedings.[3]

---

[3] To the extent Petitioner raises a separate challenge to his detention, we likewise lack jurisdiction to consider that argument. *See Nguyen v. Mukasey*, 274 F. App'x 635, 637 (10th Cir. 2008). Such a challenge would be properly brought in the district court in a 28 U.S.C. § 2241 habeas action. *Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir.

Despite this limit on our jurisdiction, we do retain jurisdiction to review constitutional claims and questions of law. *Vargas v. DHS*, 451 F.3d 1105, 1107 (10th Cir. 2006). Petitioner raises two such issues. First, Petitioner appears to argue that DHS's actions in connection with the removal proceedings denied him due process. (*See* Opening Br. at 17-19.) "In order to prevail on his due process challenge, Petitioner must show he was prejudiced by the actions he claims violated his Fifth Amendment rights." *Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1165 (10th Cir. 2004). Although Petitioner does not specifically identify which of DHS's actions he contends violated his due process rights, we assume Petitioner's argument is based on DHS's delay in filing the motion to reopen the proceedings and DHS's alleged change of course from previously releasing Petitioner on an order of supervision to seeking termination of the grant of withholding of removal. Petitioner has failed to offer any explanation of how either of these actions prejudiced him. As such, Petitioner has failed to demonstrate a due process violation. *See Zorig v. Holder*, 349 F. App'x 306, 310-11 (10th Cir. 2009).

Petitioner additionally argues his forgery conviction does not qualify as a conviction for an aggravated felony under § 1101 because it is not final. However, "Petitioner's contention that his conviction was not final in light of the pending state court proceedings is . . . unsupportable." *Waugh v. Holder*, 642 F.3d 1279, 1284 (10th Cir.

---

2008). Indeed, Petitioner filed a habeas petition regarding this claim in the District of Colorado. That petition has since been denied. *Novitskiy v. Holm*, No. 12-CV-965-MSK, 2013 WL 229577 (D. Colo. Jan. 22, 2013) (unpublished).

2011).  As we have explained, "'Congress adopted [the 8 U.S.C. § 1101(a)(48)(A)] definition of 'conviction' in 1996 specifically to supplant a prior BIA interpretation that had required deportation to wait until direct appellate review (though never collateral review) of the conviction was exhausted or waived.'"  *Id.* (quoting *United States v. Adame-Orozco*, 607 F.3d 647, 653 (10th Cir. 2010)).  We therefore reject Petitioner's contention that his forgery conviction cannot support his removal.

For the foregoing reasons, Petitioner's petition for review is **DISMISSED** in part and **DENIED** in part.

Entered for the Court


Monroe G. McKay
Circuit Judge